## SPRING and others *v.* DOMESTIC SEWING-MACHINE CO.

*(Circuit Court, D. New Jersey.* August 16, 1882.)

1. PATENT CASES—EQUITY PRACTICE—REHEARING.

After interlocutory decree and order of reference to a master for an account, rule to show cause why the decree should not be opened and a rehearing ordered, granted.

2. SAME—GROUNDS FOR RELIEF.

In order that the court may have jurisdiction in equity, the complainants not being entitled to an injunction, some other ground for equitable relief must be disclosed in the bill besides a naked account for profits and damages.

3. JURISDICTION—WANT OF—OBJECTION AT ANY STAGE OF PROCEEDINGS.

Although the question of jurisdiction was not raised in the pleadings or adverted to on the final hearing, it is never too late, during the pendency of the proceedings, for the court to examine into its right and power to make a decree or enter a judgment in a case.

4. SAME—WHEN COURTS WILL DECLINE.

In the federal courts, especially, where jurisdiction rests solely upon the facts, which appear in the record of the suits, it has long been the practice of the judges, at any stage of the proceedings, *sua sponte,* to decline jurisdiction, and dismiss the case, when the want of authority to act becomes apparent.

5. REMEDIES—CONCURRENT—AT LAW AND IN EQUITY.

To entertain a suit in equity, when the party has a plain and complete remedy at law, is to deprive the defendant of his constitutional right of trial by jury. Notwithstanding section 723 of the Revised Statutes, there remains a limited range of cases in which equitable jurisdiction continues to be exercised concurrently with that at law. The remedy at law, although existing, seems less practical and less efficient to the ends of justice, and its prompt administration, than the remedy in equity. But where complainants are not entitled to an injunction, having an adequate remedy at law, the court in equity has no jurisdiction. *Root* v. *Lake Shore, etc., R. Co.* 21 O. G. 1112, followed.

6. PATENTS—DAMAGES FOR PAST INFRINGEMENTS—JOINT OWNERS.

Actions may be maintained by joint owners of a patent, who have not transferred their claims for damages and profits, to recover past damages for infringement within the period of time of their ownership, though when the suit was instituted neither of the joint owners had any interest in the title to the patent.

7. SAME—WHO MAY RECOVER—INJUNCTION.

Section 4919 of the Revised Statutes includes not merely an interest in the title of a patent, but in the damages, and not as patentee only, but as assignee as well. *Semble,* that the assignee of a part interest in a patent and accrued damages may, during the life of the patent, in a suit for damages brought in his own name, obtain an injunction against future infringement.

8. SAME—WHEN NOT GRANTED.

Where a bill for profits and damages was for a period ending in 1876, complainants were not entitled to an injunction, the bill being filed in 1879, and before the expiration of the patent.

On Application for Rehearing.

*George E. Betton* and *George S. Boutwell*, for complainants.

*John Dane, Jr.*, for defendant.

NIXON, D. J. An interlocutory decree was entered in the above-stated case, in favor of the complainants, on the twenty-second day of May, 1882, and an order of reference made to the master for an account. The defendant company now comes in and asks for a rule upon the complainants to show cause why the decree should not be opened and a rehearing ordered. Four reasons are assigned for such an order, the first and second of which are frivolous, but the third and fourth seem to have merit. The third raises the question of the want of jurisdiction of the court in equity, in view of the recent decision of the supreme court in *Root* v. *L. S. & M. S. Ry. Co.* 21 O. G. 1112; and the fourth presents evidence of the existence and public use of a machine in Watertown, Connecticut, prior to the date of the complainants' invention, which, if true, suggests very grave doubts in regard to the novelty of the complainants' patent.

The patent in controversy was originally issued to Charles and Andrew Spring, as their joint invention, for the period of fourteen years from the tenth of May, 1859. At the expiration of the term its life was extended for seven years from the tenth of May, 1873. The complainants, Charles Spring and John F. Wood, were its owners from May 12, 1873, to December 23, 1876, and the present suit was brought to recover profits and damages for its infringement by the defendant company during that period. On the twenty-third of December, 1876, Charles Spring assigned his interest to the Howe Machine Company, and there is another action pending here against the same defendant in favor of Wood and the Howe Machine Company for infringement since that date, and which has not yet been brought to final hearing. It is evident from this statement that the only claim which the complainants can maintain in this suit are the profits which they lost and the damages they sustained from the defendant's infringement during their joint ownership from May, 1873, to December, 1876. The patent had not expired, indeed, when the bill was filed, as was the case in *Root* v. *Ry. Co., supra;* but these complainants, in a bill for damages and profits ending in 1876, were not entitled to an injunction restraining the defendants from infringement in 1879. Considering the peculiar relations of these complainants to the patent, and remembering that they expressly limited their demands, in their bill of complaint, for the profits and damages to the date when Charles Spring transferred his interest to the Howe Machine Company, it would seem that they had a plain, adequate, and

complete remedy at law to recover all that they were permitted to ask for in this suit. Not being entitled to an injunction, some other ground for equitable relief must be disclosed in the bill besides a naked account for profits and damages, in order to give the court jurisdiction in equity.

But, without expressing at this time any opinion on the subject, there is enough in the second and fourth reasons to justify a rule to show cause why the decree should not be opened, and it is granted accordingly. To promote the convenience of counsel, the court agreed that the rule to show cause might be argued on briefs. These have been submitted, and have had careful examination and consideration. The rule to show cause why a rehearing should not be had was granted on two allegations: (1) that the court, sitting in equity, has no jurisdiction over the case; (2) because the defendants were prepared to prove, by newly-discovered evidence, that the complainants' patent had been anticipated.

1. The question of jurisdiction was not raised in the pleadings or adverted to on the final hearing. It has been suggested now, in view of the recent decision of the supreme court in the case of *Root* v. *L. S. & M. S. Ry. Co.* 21 O. G. 1112. The learned counsel for the complainants, confounding the question with the one of the want of proper parties to the bill of complaint, has entered into a long argument to show that the objection comes too late. But it is never too late at any time, during the pendency of the proceedings, for the court to examine into its right and power to make a decree or enter a judgment in a case. In the federal courts, especially, where there is no presumption in favor of jurisdiction, but where it rests solely upon the facts which appear in the record of the suits, (*Ex parte Smith*, 24 U. S. 456,) it has long been the practice of the judges, at any stage of the proceedings, *sua sponte*, to decline jurisdiction and dismiss the case, when the want of authority to act becomes apparent. They do not wait for the question to be raised by demurrer or answer or plea, or to be suggested by the counsel. And they pursue this course for obvious reasons. It is not merely a matter of the form of procedure. To entertain a suit in equity, when the party has a plain and complete remedy at law, is to deprive the defendant of his constitutional right of trial by jury. The late Justice Baldwin, of this circuit, discusses the subject with much ability and research, in the case of *Baker* v. *Biddle*, 1 Bald. 394. See, also, the more recent cases of *Hipp* v. *Babin*, 19 How. 278; *Lewis* v. *Cocks*, 23 Wall. 466; *Dumont* v. *Fry*, 12 FED. REP. 21.

There are a number of subjects over which courts of law and equity have a concurrent jurisdiction.   Notwithstanding the provisions of section 723 of the Revised Statutes, which prohibit suits in equity in either of the courts of the United States, in any case where a "plain, adequate, and complete remedy" may be had at law, there remains a limited range of cases in which the jurisdiction continues to be exercised concurrently, for the reason that the remedy at law, although existing, seems less practicable and less efficient to the ends of justice and its prompt administration than the remedy in equity. *Boyce's Ex'rs* v. *Grundy,* 3 Pet. 215.

The single question which we have to consider is, have the complainants set forth such a state of facts as entitle them to equitable relief; or have they a plain, adequate, and complete remedy at law? In granting the rule to show cause, I stated these facts with sufficient fullness to enable any one to understand the relations which the complainants sustain to the patent.   Charles Spring, one of the complainants, was the absolute owner of the undivided one-half of the patent sued on from May 12, 1873, to December 23, 1876, when he transferred the legal title to the Howe Machine Company, but reserved his interest in the damages and profits for all infringements anterior to that date.   George E. Betton, the assignor of John F. Wood, the other complainant, owned the remaining half during that time; but when he assigned to Wood his title, on the twenty-first of April, 1879, he included in the transfer all his claims for damages and profits which had accrued to him before the date of the assignment.   If he had not included these claims in the transfer, the action, nevertheless, would have been maintainable in the joint names of Spring and Betton, and they would have been entitled to recover the past damages for infringement within the period of time specified, although neither of the actors, when the suit was instituted, had any interest whatever in the title to the patent.   See *Moore* v. *Marsh,* 7 Wall. 515.

But did Wood acquire such an interest in the past damages and profits, by the assignment from Betton, that he could bring suit in his own name for their recovery?   Doubtless he could not have done so if the claim for damages had been divorced from the ownership of the letters patent, and had been assigned independently of and not as an incident to the title.   Such a claim, standing alone, is a mere *chose in action,* and at common law no suit could be maintained thereon in the name of the assignee.   But such a difficulty has been

remedied by statute in a number of the states, and the provisions of section 4919 of the Revised Statutes seem broad enough to bring the present case within their scope and design. It is there enacted that damages for the infringement of any patent may be recovered by action in the case, in the name of the party interested either as patentee, assignee, or grantee. *Interested* in what? Not merely in the title, but in the damages, and not as patentee only, but as assignee. If I am correct in this construction of the section it is an answer to the labored argument of the counsel for the complainants that the court had jurisdiction on its equity side only, because the title of one of the complainants (Wood) was equitable and not legal.

In order to show the right of complainants to an injunction, and hence the equitable jurisdiction of the court, the learned counsel invoked the principle, so well settled in patent practice, that any person to whom a part of a patent has been assigned may maintain the suit alone for the protection of his own interest. Kerr, Inj. 404.

The right of the partial owner will not be disputed, subject, nevertheless, to the limitation that in such a case he must make his co-partners in the ownership defendants in the suit, which was not done here. We must take the case as we find it, and consider it in the light of what the parties have, in fact, done, and not in the light of what they might have done. Wood's interest in the patent continued to the end of the term, and at any time before the expiration of its life, it may have been competent for him, under the circumstances of the case, to have gone into court in his own mame, and to have obtained an injunction against future infringement. But he chose to pursue a different course. Dividing his interests by the date of the transfer from Charles Spring to the Howe Machine Company, he commenced two suits,—one in connection with Charles Spring, to recover the damages and profits arising from infringement during their joint ownership, and the other in connection with the Howe Machine Company, for the damages and profits from the beginning of their joint title *to the tenth day of May, 1880, when the patent expired.* It is not necessary to determine, *until the question is raised, whether he was entitled to an injunction in the last-named suit or not.* But I cannot understand upon what principle one can be claimed in the former; none, certainly, is necessary to protect the rights of the complainants. Charles Spring has ceased to have any interest in the patent, and everything that John F. Wood ought to have he can get in his suit in union with the Howe Machine Company for the infringment subsequent to his purchase.

An injunction is a preventive remedy, having reference to the future rather than the past. The complainants not being entitled to one in this case, and the provisions of the patent law giving to one to whom has been assigned an interest in the damages for past infringement, as incidental to the transfer of the legal title, the remedy of an action on the case, I am of the opinion that this court in equity has no jurisdiction; that the interlocutory decree heretofore entered must be opened and the bill of complaint dismissed; but, under the circumstances, without costs to the defendant.

---

### (August 16, 1882.)

On Motion for Rehearing. •

Nixon, D. J. This cause having come on to be heard upon an order granted for a rehearing, based upon the petition of defendant, verified May 23, 1882; and upon the bill of complaint, filed June 2, 1879; the amendment to said bill, filed August 26, 1879; the answer thereto of the defendant, the Domestic Sewing-Machine Company; the replication of the complainant, and the proofs, oral, documentary, and written, taken and filed in said cause, and having been argued and submitted by counsel for the respective parties: Now, therefore, on consideration thereof, it is ordered that the interlocutory decree, heretofore entered, be opened and the bill of complaint dismissed without cost to defendant; and now, on motion of John Dane, Jr., Esq., counsel for the defendant, the court doth hereby order, adjudge, and decree that the complainants' said bill of complaint be, and the same hereby is dismissed, without cost to defendant.