CRANDALL and others *v.* PLANO MANUF'G Co. and others.

*(Circuit Court, N. D. Illinois.   August 3, 1885.)*

PATENTS FOR INVENTIONS—ROYALTIES—JURISDICTION IN EQUITY.
    The licenser in a license under letters patent having a plain, adequate, and complete remedy at law, cannot maintain a bill in equity for an accounting of royalties accruing under the license.

In Equity.
*Banning & Banning,* for complainants.
*Colburn & Thacher,* for defendants.

BLODGETT, J.   The bill in this case is demurred to on the ground that the complainants, by the showing of the bill, have a plain, adequate, and complete remedy at law.   The bill shows the issue of letters patent to one Bramer for certain devices pertaining to mowing-machines, and a license from Bramer to the defendant to use the patent, for which it was to pay as royalty the sum of three dollars for each machine, with the right to an abatement in case of prompt payment.   The death of Bramer after making the license, and the appointment by him of complainants as executors of his will and trustees of the patent, is also averred.   The bill charges that a large sum is due the complainants under this license, both for royalties which accrued before Bramer's death as well as since, and that the complainants do not know, and are unable to ascertain, the exact number of machines made by defendants, for which royalties are due under the license; and that complainants have demanded an accounting and payment as to the royalties so due, but that the defendant has failed to comply with such demands.   It is also charged that through the defendant W. H. Jones, who is the president of the defendant company, some kind of settlement has been made with the heirs and devisees of Bramer for the sum of $3,000, for which the note of the defendant company has been given, when, in fact, as much as $15,000 was due under the license, and that such pretended settlement is wholly void as against the complainants, who have the sole right to collect said royalty.   The prayer is that the Plano Manufacturing Company be required to account with the complainants, and pay over all royalties, at the rate of three dollars for each machine not heretofore reported and paid for.

I can see no reason why the complainants have not a "plain, adequate, and complete remedy at law," under the terms of the license as stated in the bill.   The only question to be established is the number of machines made by the defendants under the license, which they have not accounted and paid for heretofore, and this can be established as readily and completely in a suit at law as in equity.   Section 724, Rev. St., clothes the courts of law with full power to compel the production of books and papers in evidence under all circumstances

where they might be compelled to produce the same in chancery cases; and this power, with the unquestioned right of complainant to examine all the agents and employes of the licensee as witnesses, seems to me to give all the facilities required for a complete remedy at law. The fact that this licensee has, by its president, obtained some kind of settlement with the heirs and legatees of Bramer can, it seems to me, cut no figure upon the question of jurisdiction in equity at the suit of complainants.    If the defendants have, by their dealings with these heirs and legatees, acquired a defense as to this claim for royalties which can only be set up in a court of equity, they are the proper parties to invoke the aid of that court for that purpose.    If the relations between the trustees and the heirs or devisees of Bramer were such that the payment to the heirs and legatees might furnish an equitable defense to an action on this license, then the defendant may be obliged to come into a court of equity; but that does not clothe the complainant with the right to do so.

The decision of the supreme court of the United States in *Root* v. *Railway Co.* 105 U. S. 189, seems to proceed upon the ground that all patentees have an adequate remedy at law in suits against infringers, except in cases where there is a right to an injunction as part of the relief sought; but that in all cases where the only question is as to the amount of profits and damages, and the complainant is not entitled to an injunction, the remedy is at law.    This being the rule of jurisdiction as against the infringers, there is certainly less ground for going into a court of equity to recover the royalty stipulated in a license where there is no question of infringement or the validity of the patent to be considered, but the only question is as to how much is due from the licensee under his contract.

The demurrer to the bill is sustained, and leave given to the complainants to amend by the next rule-day.