Lord and others, Ex'rs v. Whitehead & Atherton Machine Co. and others.

Same v. Whitehead and others.

(Circuit Court, D. Massachusetts. August 26, 1885.)

PATENTS FOR INVENTIONS—EQUITY JURISDICTION—INFRINGEMENT—EXPIRATION OF PATENT—DISCOVERY—ACCOUNT—REMEDY AT LAW.

A bill in equity brought for the infringement of a patent which has expired previous to the bringing of the suit will be dismissed for want of jurisdiction, notwithstanding it avers that defendants manufacture and use the infringing machines secretly, and that complainant is ignorant of the number of machines so used, and unable to estimate the amount of damages, and prays for an account of profits, the damages to complainant from said infringement, other than the profits, being sued for in a pending action at law.

In Equity.

B. F. Thurston, D. H. Rice, and A. Eastman, for complainants.

F. P. Fish, F. T. Greenhalge, and A. M. Moore, for defendants.

COLT, J. These bills in equity are brought for the infringement of letters patent granted to Edward Lord, January 9, 1866, and which expired previous to the bringing of the suits. The defendants have demurred to the bills on the ground that they disclose no cause of action cognizable in a court of equity, and that the complainants have

a plain, adequate, and complete remedy at law. The demurrer is based upon the principle laid down in *Root* v. *Railway Co.* 105 U. S. 189. In that case suit was brought for the infringement of a patent that had expired prior to the filing of the bill. The bill stated that the complainant was ignorant, and could not set forth how many of the patented articles the defendant had used, but that he believed the number was large, and that the defendant had realized great gains and profits therefrom. The prayer of the bill was for an account. The defendant demurred to the bill, and the demurrer was sustained on the ground that a bill in equity for a naked account of profits and damages against an infringer cannot be sustained; that such relief, ordinarily, is incidental to some other equity, the right to enforce which secures to the patentee his standing in court.

In the present bills the complainants, instead of the simple allegation that they are ignorant of the extent of the infringement and the amount of profits, and praying discovery, set out special allegations in the bill relating to the discovery sought; such as that the infringing machines were made by the defendants in different rooms of their factory, and put together either in the factory, or at the place of business of the purchasers in distant parts of the country; that some have been shipped to foreign countries; that sometimes the outer doors of defendants' factory have been locked, and sometimes the purchasers and users of such machines lock the doors of their factories while the machines are in use; that the defendant corporation succeeded to the business of Whitehead & Atherton, a copartnership, and the complainants are unable to determine the precise time when such transfer was made, and what machines were then in process of construction, and whether or not the machines made about the time of the transfer were made by the defendants or by Whitehead & Atherton; and that by reason of the course and manner of conduct by the defendants, and the use of said machines by the purchasers aforesaid, and of others matters connected with the business, the complainants are ignorant of, and not able to ascertain, the number or size of the machines made and sold by defendants in violation of complainants' rights, and are unable to estimate the amount of damages.

The complainants pray for an account of profits; "the damages to your orators from said infringement, other than said profits, being sued for in an action at law now pending in this honorable court."

In substance, we cannot but consider these bills as the ordinary bills brought for the infringement of a patent, and we cannot see how they can be sustained under the rule laid down in *Root* v. *Railway Co., supra.*

It is contended that by reason of the discovery asked for, the complainants have a standing in a court of equity. At least since the law authorizing the examination of parties as witnesses, we understand the more general and better rule to be that equitable jurisdic-

tion will not attach for discovery simply, except in aid of a suit at law; but the party must invoke some other distinct equitable ground. And where the broader rule may be said to prevail, based upon the proposition that the court having acquired jurisdiction for the purpose of discovery, it will proceed and determine the whole matter in controversy, the plaintiff must allege that the facts concerning which he seeks a disclosure are material to his cause of action; that he has no means of proving these facts by the testimony of witnesses, or by any other kind of evidence used in courts of law; that the only mode of establishing them is by compelling the defendant to make disclosure; and that therefore a discovery by suit in equity is indispensable; and, further, if the defendant by his answer fully denies all the allegations with respect to which a discovery is demanded, the suit must fail. 1 Pom. Eq. Jur. §§ 223–230.

These are not bills of discovery brought in aid of suits at law, and the allegations therein contained are not sufficient to support them, even under the broader rule of equitable jurisdiction adopted by some courts.

But equitable jurisdiction is invoked on the ground of account. The account sought, however, must be incidental to some other equitable relief. *Root* v. *Railway Co., supra.* Stress is here laid by the complainants on the words of the court in *Root* v. *Railway Co.,* that "such an equity may arise out of, and inhere in, the nature of the account itself, springing from special and peculiar circumstances, which disable the patentee from a recovery at law altogether, or render his remedy in a legal tribunal difficult, inadequate, and incomplete."

These are actions of tort for which the plaintiffs are entitled to damages. In such cases the mere intricacy of the account does not furnish a ground for equitable interference. In *Hipp* v. *Babin,* 19 How. 271, Mr. Justice CAMPBELL, says: "No instances exist where a person who had been successful at law has been allowed to file a bill for an account of rents and profits during the tortious possession held against him, or in which the complexity of the account has afforded a motive for the interposition of a court of chancery to decide the title and to adjust the account." In citing this in *Root* v. *Railway Co.,* the court say: "These principles were announced in a case for the recovery of the possession of real estate held adversely, but they are of general application, and embrace as well the case of torts to personalty and infringements of patent and copy rights." See, also, *Parrott* v. *Palmer,* 3 Mylne & K. 632, 642; *Higginbotham* v. *Hawkins,* L. R. 7 Ch. App. 676; *Smith* v. *London & S. W. Ry. Co.* Kay, 408.

The demurrers are sustained, and the bills dismissed.