## CLAPP *v.* NORDMEYER and others.[1]

*(Circuit Court, E. D. Missouri.* October 1, 1885.)

1. ASSIGNMENT FOR BENEFIT OF CREDITORS—POWER TO CHALLENGE PREVIOUS DISPOSITIONS OF PROPERTY.

Where a debtor makes a general assignment for the benefit of his creditors, the assignee cannot challenge any previous disposition of his assignor's property unless expressly authorized by statute.

2. SAME—REV. ST. MO. § 354—CONFESSION OF JUDGMENT—PREFERENCE.

Where a firm who knew they were insolvent, with a view of making a total disposition of their assets, and applying them to the payment of certain creditors to the exclusion of others, and, in pursuance of a scheme entered into between them and the creditors they desired to prefer, confessed judgment in favor of such creditors and had judgment entered against them for the amounts due and executions issued and levied on all of their assets, and thereafter, but on the same day, made a general assignment, subject to said judgments and executions, of all their property, and the firm's assets were sold under said executions, and all the proceeds paid by the sheriff into the hands of A., the attorney of the judgment creditors, *held,* that said confessions of judgment and said general assignment are to be regarded as part of one instrument, and as together making one voluntary assignment for the benefit of creditors within the meaning of Rev. St. Mo. § 354, and that A. holds the proceeds of said sale for the benefit of all the creditors of said firm.

In Equity. Creditors' bill. Demurrer to bill.

The bill states that the firm of Nordmeyer & Schoen, the debtors referred to in the opinion of the court, were, on January 30, 1885, utterly insolvent; that they owed more than $5,000; that their assets did not amount to more than half that sum, and that they had no individual assets; that, knowing they could not further prosecute their business and had not assets sufficient to pay all of their just debts in full, they determined to stop business and dispose of all of their assets to a part of their creditors; that, for the purpose of evading the statute of this state, to-wit, section 354, Rev. St. 1879, and to prefer the debts of the creditors whom they desired to pay to the exclusion of the complainants and other just creditors, said firm and the creditors whom they desired to prefer concocted a scheme by which said firm should confess judgments in favor of such creditors for the amounts due them, and have executions issued thereon forthwith, and all of their assets at once levied upon thereunder, and immediately thereafter, as a part of the same general scheme for the disposition of all of their assets as aforesaid, make a voluntary assignment in form, subject to said judgments and executions, to one Drabelle as assignee; that, in pursuance of said fraudulent scheme, said firm on said thirtieth of January, 1885, confessed judgments in favor of the creditors who were parties to the arrangement, and had judgments entered against them and executions issued thereon at once, and levied on all of their assets, and as soon as the sheriff had taken possession of their assets, they, on the same day, as a part of said scheme, made an as-

[1] Reported by Benj. F. Rex, Esq., of the St. Louis bar.

signment of all their assets as agreed on, for the benefit of all of their creditors to said Drabelle, and said assignee immediately took possession of said assets, subject to the sheriff's possession; and that thereafter the property levied on was sold under said executions, and the proceeds paid to John D. Johnson as agent and attorney of the judgment creditors.

The section of the Missouri statutes above referred to is as follows:

"Every voluntary assignment of lands, tenements, goods, chattels, effects, and credits, made by a debtor to any person in trust for his creditors, shall be for the benefit of all the creditors of the assignor, in proportion to their respective claims, and every such assignment shall be proved or acknowledged and certified and recorded in the same manner as is prescribed by law in cases wherein real estate is conveyed."

*Farish & Jones,* for complainant.

*J. D. Johnson,* for defendants.

BREWER, J., (*orally.*) This is a creditors' bill. It alleges that the debtors, on January 30, 1885, being indebted to complainants and divers other parties, confessed judgments in favor of other creditors. On the same day executions were issued on those judgments and levied on the property of the debtors. Thereafter, and on the same day, a general assignment was made by the debtors. The bill alleges that both the confession and the assignment were part and parcel of the same scheme, and made by the debtors conscious of their insolvency, and with a view of making a total disposition of their property. It alleges further that, after the sales under these executions, the proceeds passed into the hands of one of the defendants, whom the complainants seek to charge as trustee.

As will be seen, this brings the case very clearly within the principle of the cases of *Clapp* v. *Dittman*[1] and *Perry* v. *Corby*,[2] decided a few months ago. In those cases I felt constrained to follow the ruling which had been laid down by my predecessor, at the same time saying that I did not believe that the ruling was right. The question was subsequently presented to Mr. Justice MILLER, presiding justice of this circuit, and he agreed with my predecessor. Of course, that settles the law in this circuit, so far as this court is concerned, until either the supreme court of the state or the supreme court of the United States rule differently, and I am happy to say that in the Western district of this state a case was decided at the spring term involving this question, which has been taken to the supreme court for its ruling. The principle laid down in the cases referred to was that where a debtor, being insolvent, by any instrument disposes of all his property, such instrument must be treated as tantamount to a voluntary assignment for the benefit of his creditors, and all share alike in the proceeds of the property conveyed. As I said then, and say now, I do not believe this is the right construction of the statutes of this state. Your supreme court has held that a debtor may pre-

[1] 2. Fed. Rep. 15.                    [2] Id. 737.

fer one creditor to another. That right existed at common law. It is part of the *jus disponendi* that follows from the ownership of property, and, except as expressly limited by statute, ought always to be recognized. I do not think the legislature of this state has attempted to restrict that right except in what are technically voluntary assignments. This case is a little stronger than those cited, because the bill alleges that the confession and the assignment were part and parcel of the same transaction, all done on the same day, all done by a debtor consciously insolvent, with the purpose of disposing of all of his property. So they may fairly be regarded as parts of one instrument, and as together making one voluntary assignment for the benefit of creditors, and in which all the creditors are entitled to share alike.

It is further urged in support of this demurrer that ample remedy is at law and in the state courts, through the assignee, and under the provisions of the assignment statute. I think not. The assignee takes that which the assignor gives him,—no more, no less. Unless expressly authorized by statute, as he was in the bankrupt act, as he is in some states, though not in this, he may not challenge any conveyance or disposition of the property by his assignor. He does not represent the creditors. He is the voluntarily appointed agent of the assignor to take the property put in his hands and dispose of it. So he cannot say: "My assignor has fraudulently disposed of property; he has given it away; he has done something to wrong the creditors;" because that is none of his business. Any one who feels any interest in this question will find, in a recent decision of Judge SHIRAS, reported in one of the late volumes of the Reporter, a full discussion thereof. *Sandwich Manuf'g Co.* v. *Wright,* 22 Fed. Rep. 631.[1] The assignee cannot challenge these confessions. He cannot say they were fraudulent. He cannot recover the property, and no remedy is afforded under the assignment act to creditors. Their only remedy is in a court of equity.

The demurrer will be overruled, and leave given to answer by November rules.

[1] See, also, Rumsey v. Town, 20 Fed. Rep. 558.