# CHASE *v.* COX.[1]

(*Circuit Court, E. D. Pennsylvania.* January 19, 1890.)

PATENTS FOR INVENTIONS—INFRINGEMENT—LICENSE—REVOCATION.

Where a license contains no power of revocation, a licensor cannot annul the license without the assent of the licensee, but must proceed at law for any breach of the contract. *Densmore* v. *Tanite Co.,* 32 Fed. Rep. 544, and *Purifier Co.* v. *Wolf,* 28 Fed. Rep. 814, followed.

Bill in equity by R. F. M. Chase against Lewis S. Cox, trading as Lewis S. Cox & Co., for infringement of patent. Said bill alleged a license between the parties, terminated by default of licensee. Defendant filed a plea denying assent to the termination of the license, and denying the termination thereof, or that defendant had ceased to pay royalty, and to conform to the provisions of the license whereby the license was determined. There was in the license no direct reservation of the right to revoke the same. The plaintiff had given defendant notice of his intent to revoke.

*W. P. Preble, Jr.,* for complainants, cited *Starling* v. *Plow-Works,* 32 Fed. Rep. 290.

*Jos. C. Fraley,* for respondents, cited *Densmore* v. *Tanite Co.,* 32 Fed. Rep. 544; *Purifier Co.* v. *Wolf,* 28 Fed. Rep. 814.

BUTLER, J., (*after stating the facts as above.*) In answer to the infringement charged the defendant pleads a license. The plaintiff admits the execution of a license, but asserts its annulment by mutual agreement, prior to the acts complained of. This assertion presents the only material question raised. We do not find it supported by the proofs. On the contrary, the averments of the bill show quite plainly that the plaintiff supposed he had a right to terminate the license by notice, (for alleged non-compliance with its terms by the defendant,) and that he relied upon this alone for relief from its provisions. This case is governed by *Purifier Co.* v. *Wolf,* 28 Fed. Rep. 814, and *Densmore* v. *Tanite Co.,* 32 Fed. Rep. 544. A suit at law upon the license will afford the plaintiff adequate remedy for any just claim which he may have. A decree must therefore be entered sustaining the plea and dismissing the bill with costs.

[1] Reported by C. B. Taylor, Esq., of the Philadelphia bar.