## GOFF et al. v. KELLY et al.

### (Circuit Court, D. Montana. April 27, 1896.)

### No. 288.

**1. ASSIGNMENTS FOR CREDITORS—POWERS OF ASSIGNEE.**
An assignee for the benefit of creditors, except as his rights **and powers** are regulated by statute, is trustee of the property assigned only to the extent of the assignor's interest therein, and can assert only such rights in regard thereto as the assignor himself could maintain. He does not represent the creditors, and cannot assert their equities.

**2. EQUITY PLEADING—CROSS BILL.**
A cross bill should present matters which have a bearing upon the allegations of the original bill, and questions entirely different from those presented by the original bill, though connected with the same subject matter, cannot be introduced by cross bill.

**3. EQUITY PRACTICE—CREDITORS' BILL.**
In order that a party may maintain either an original creditors' bill, or a cross bill in the nature of such a bill, his demand must have been reduced to judgment.

**4. SAME—CROSS BILLS.**
One T. G. made an assignment for the benefit of his creditors, certain of whom were preferred in the assignment. One E. G. brought a suit for the purpose of establishing a partnership with T. G. in part of the assigned property. This question was litigated between E. G. and the assignees and the preferred creditors, and decided in favor of E. G. After the entry of a decree in the suit, two of the preferred creditors, neither of whose claims had been reduced to judgment, filed separate bills of intervention, in the nature of cross bills, claiming that E. G. was estopped, as against them, to claim an interest in the assigned property, because she had permitted T. G. to represent it as his own, and also claiming that a mortgage held by one of the preferred creditors, who was also one of the assignees, was void as against creditors. *Held,* that such bills were not objectionable on the ground that the matters alleged were concluded by the decree on the original bill, since they asserted equities which the assignees could not have asserted, and which neither were

nor could have been litigated in the original suit, but that such bills must be dismissed, both because they sought to introduce matters foreign to the original bill, and not proper subjects for cross bills, and because the claims of the interveners had not been reduced to judgment.

Toole & Wallace, for plaintiffs.

J. A. Shober, Massena Bullard, and H. G. McIntire, for defendants.

KNOWLES, District Judge.   The defendant Thomas Goff, being indebted to certain parties in several sums of money, made an assignment for the benefit of his creditors to Patrick Kelly and J. V. Jerome, of all of his property.   This was described as a stock of hardware merchandise in Helena, Mont., and all his interest in certain lands in Meagher county, Mont., estimated to be about 10,-000 acres, and also his interest in a certain lot of sheep near said land, estimated at 10,000 head, and certain other property of little value.   The First National Bank of Helena, in this assignment, was placed in class A, and preferred for some $10,421.02.   Mrs. Janet C. Kinna was placed in class B, and preferred for $19,000, and Patrick Kelly for $6,600, reciting that this was secured by a chattel mortgage on the sheep above mentioned.   Other parties were also named as preferred creditors.   Plaintiffs brought a suit in the above court for the purpose of obtaining a decree declaring that the said Ellen M. Goff was a partner with said Thomas Goff in the said lands and sheep.   The case was tried upon the issues presented in the bill, and the court found that the said Ellen M. Goff had a right to one-fourth of said land, and one-fourth interest in said sheep, as the partner of said Thomas Goff.   There was in the bill a prayer for an accounting and settlement of said business. After a decree in this case was entered for said Ellen M. Goff, said Janet C. Kinna, the preferred creditor in the above assignment, filed therein a bill of intervention, in the nature of a cross bill. In this bill it was claimed that the said Ellen M. Goff should be estopped from asserting any interest in said land or sheep for the reason that she had remained silent when the said Thomas Goff represented to her, the said Mrs. Kinna, that he owned all of said lands and sheep, save 27 per cent. thereof owned by one Fred Miller, and had thereby obtained credit from her, the said Janet C. Kinna.   It is also claimed that the mortgage executed by said Thomas Goff to said Patrick Kelly was without consideration and void, and it is also alleged that the said Fred Miller claims one-half of said sheep and land, when in fact he is not entitled to more than 27 per cent. thereof.   It is further alleged that certain moneys in the hands of the First National Bank of Helena, deposited there by the above assignees, should be offset against the claim of said bank, etc.   The said the First National Bank of Helena filed in said case a cross bill setting up that the said Ellen M. Goff should be estopped from claiming any interest in said lands and sheep for the same reason as is set forth in the bill of Mrs. Kinna. It is also charged in said cross bill that the mortgage to Patrick Kelly of said sheep executed by Thomas Goff was without considera-

tion and void, and that Fred Miller is entitled to an interest of but 27 per cent. in said sheep and land. These allegations in the cross bills are referred to for the purpose only of showing that they present other matters for determination than were presented in the original bill of Ellen M. and John Goff. In that bill the only issues presented were the partnership between Ellen M. and Thomas Goff, and the right to an accounting between them. Plaintiffs filed to each of these cross bills a plea in bar. The grounds assigned in the plea to the cross bill of Mrs. Kinna are: (1) That, as far as Ellen M. Goff and John Goff are concerned, the matters in said cross bill alleged against Ellen M. Goff were fully litigated when the cause was tried on the answer of Kelly and Jerome as assignees; that said assignees represented, and were the trustees of, said creditor, Mrs. Kinna, and hence litigated said matters for her benefit, or might have so litigated the same; that said assignment was made to said trustees at the instance of Mrs. Kinna. (2) It is set forth and claimed in said plea that the said intervener, Mrs. Kinna, appeared in said trial between plaintiffs and said trustees, and contested the matters and things set forth in the original complaint, and for this purpose employed George F. Shelton as an attorney, who appeared in said cause and contested the claims of plaintiff Ellen M. Goff, as set forth in her bill, for and in behalf of her, the said Mrs. Kinna. The plea in bar to the cross bill of the First National Bank of Helena is the same as the plea to the cross bill of Mrs. Kinna, save it is alleged that A. K. Barbour appeared as an attorney for said bank.

There was, at the time this assignment was made, no statute of Montana governing assignments for the benefit of creditors. Hence the assignment must be controlled by the rules of common law. By virtue of such rules the assignee becomes the trustee of the property assigned for the creditors only to the extent of the interest of the assignor in such property. The assignee for the benefit of the creditors can assert only such rights in regard to the property assigned as the assignor himself could maintain. In the case of Rumsey v. Town, 20 Fed. 561, Judge Shiras held:

"When, however, a given question turns upon equities or rights belonging to one or more of the creditors, can it be maintained by operation of law these equities have been transferred from the creditors to the assignee? Certainly at common law no such effect can be attributed to the deed of assignment executed by the debtor."

The same judge, in the case of Manufacturing Co. v. Wright, 22 Fed. 632, said:

"At common law the right of a creditor to attack and set aside a conveyance made by his debtor, on the ground of fraud, does not pass to an assignee appointed by the debtor."

In the case of Clapp v. Nordmeyer, 25 Fed. 71, Judge Brewer said:

"It is further urged in support of this demurrer that ample remedy is at law, and in the state courts, through the assignee, and under the provisions of the assignment statute. I think not. The assignee takes that which the assignor gives him,—no more, no less. Unless expressly authorized by statute, as he was in the bankrupt act, as he is in some states, though not in this,

he may not challenge any conveyance or disposition of the property by his assignor. He does not represent the creditors. He is the voluntarily appointed agent of the assignor to take the property put in his hands, and dispose of it."

As far as Ellen M. Goff is concerned, the said interveners seek to show that she is estopped, as against them, to claim any partnership in said sheep business. The assignor, Thomas Goff, could not raise this point. He could not plead such an estoppel,—hence his assignees could not. The contention that an assignee was able to present an equity in favor of one of the creditors named in an assignment was discussed in the case of Rumsey v. Town, 20 Fed. 562 (of opinion), and determined that he could not do it. The fact that assignees in this case could not raise the questions sought to be presented by the cross bills shows that the said interveners would not be barred on account of any action of the said assignees, as far as said matters are concerned. They were the trustees of the creditors only to the extent of the rights conferred by the assignment, and to the extent of such rights only could they bind as trustees the creditors. The fact that the said interveners employed counsel, and really litigated the issues set forth in the original bill and answer, or such issues as the assignors might have presented, amounts to nothing, when we consider the issues presented in the cross bills. The cross bills present issues not presented by the original bill and answers. The matters presented in the cross bills are equities in favor of the interveners, or concerning fraudulent conveyances made by the assignor. These matters could not have been litigated by the assignees. The interveners, who may have employed counsel to assist in the litigation between the plaintiffs and assignees, can be bound only so far as the issues which could be tried between these parties were presented, or might have been presented.

I think, therefore, the pleas in abatement must be overruled. There is, however, a more difficult question presented to the court than is presented by these pleas, and this is the right of this court to hear the matters presented by the cross bills. Many of the codes of civil procedure provide for intervening by interested parties in civil actions. The practice under the codes in this matter, and that which pertains to the federal courts, it would appear, are different. Under the practice in the federal courts a person not a party to a suit must ask, usually by petition, to be made a party thereto. When this request is granted, then the party intervening is allowed to file his cross bill. The cross bill, however, should present matters which have a bearing upon the allegations in the original bill. Cross v. De Valle, 1 Wall. 1. In the case of Rubber Co. v. Goodyear, 9 Wall. 809, the supreme court says:

"A cross bill is brought to obtain a discovery in aid of a defense to the original suit, or to obtain complete relief to all the parties as to the matters charged in the original bill. It should not introduce any distinct matter. It is auxiliary to the original suit, and a graft and dependency upon it. If its purpose be different from this, it is not a cross bill, though it may have connection with the same general subject."

See, also, Beach, Mod. Eq. Prac. § 579.

The cross bills in this case present questions entirely different from those presented in the original bill. In them the validity of the mortgage placed upon the sheep, and given to Kelly by the assignor, is attacked as having been made in fraud of creditors. The sale of a certain interest in the sheep business to Miller is attacked for the same reason. Relief is also claimed in certain matters by Mrs. Kinna against the bank. These matters, I think, are not such as should be litigated in this suit. I have doubts as to whether the said cross bills do present any equity against Mrs. Ellen M. Goff. All the facts necessary to work an estoppel I do not think are alleged therein.

There is another question of importance presented. It fully appears that neither the claims of Mrs. Kinna nor the bank have been reduced to a judgment. They are only creditors at large, and not judgment creditors. In the case of George v. Railway Co., 44 Fed. 117, Judge Thayer says:

"I understand the doctrine to be well settled that the holder of an unliquidated demand, not reduced to judgment, cannot maintain such a bill as this, and cannot properly intervene in such a proceeding until his demand is reduced to judgment."

It will be seen, upon an examination of this case, that the question as to whether a party holding a claim not reduced to judgment could intervene was presented. The general rule is that, before a party can resort to a court of equity for relief, he must exhaust his legal remedies. Jones v. Green, 1 Wall. 330; Smith v. Railroad Co., 99 U. S. 398. If an original bill in equity cannot be sustained until the demand claimed is reduced to judgment, I do not see how a cross bill can be entertained which has for its purpose the facilitating of the means of collecting a demand for money, when that demand has not been reduced to judgment. The cross bills in this case are both in the nature of creditors' bills. They seek to set aside certain conveyances to Kelly and Miller, and to show that it would be a fraud on the part of Mrs. Goff to assert a partnership with Thomas Goff against the interveners. The object of this is to allow the interveners to collect their demands. The circuit court of the United States has only such equity jurisdiction as is conferred by an act of congress, or such as pertained to such courts under the chancery practice of England, as modified by the rules of the supreme court of the United States. Fontain v. Ravenel, 17 How. 369. In the case of Public Works v. Columbia College, 17 Wall. 521, the supreme court says:

"The jurisdiction of a court of equity to reach the property of a debtor, justly applicable to the payment of his debts, even when there is no specific lien on the property, is undoubted. It is a very ancient jurisdiction, but for its exercise the debt must be clear and undisputed, and there must exist some special circumstances requiring the interposition of the court to obtain possession of and apply the property. Unless the suit relates to the estate of a deceased person, the debt must be established by some judicial proceeding, and it must generally be shown that legal means for its collection have been exhausted."

In the case of Wright v. Ellison, 1 Wall. 16, the supreme court said:

"The rules of equity are as fixed as those of law, and this court can no more depart from the former than the latter. Unless the complainant has shown a right to relief in equity, however clear his rights at law, he can have no redress in this proceeding."

In this case, because the complainant exhibited no right to any equitable relief, the cause was dismissed.

There should be no difference between an original bill and a cross bill. The fact that a bill shows no ground for equitable relief is a jurisdictional question. It is as much a jurisdictional matter in a federal court as the one that a party, it appears from the bill, has a plain and adequate remedy at law. By established rules in equity jurisprudence, unless some very special reasons are presented, the circuit court has no jurisdiction to hear a creditors' bill until the demand has been reduced to judgment, and legal remedies exhausted. As I have said, these cross bills are in the nature of creditors' bills. When a federal court finds that it has no right to hear a cause presented by a bill, that is no jurisdiction of the matters set forth in the bill, it becomes its duty, by statute, and by the rules established in such matters, to dismiss the bill, although the objection is not raised by counsel, or by the pleadings. Wright v. Ellison, supra; Spring v. Sewing Mach. Co., 13 Fed. 448. From the considerations, I think I should dismiss both cross bills in this case, and it is so ordered.