### PERRY v. NOYES et al.

(Circuit Court, N. D. Illinois, N. D. July 27, 1899.)

No. 25,175.

PATENTS—EQUITY JURISDICTION—SUIT FOR ROYALTIES.

> A court of equity cannot take cognizance of a suit simply for the purpose of construing the meaning or scope of a patent; and if the ultimate object sought is the payment of royalties, and the suit is essentially based on the contract, the bill must be dismissed, though a discovery and an accounting are prayed for in respect to such royalties.

This was a suit in equity by Perry against Noyes and others to recover royalties for the use of a patented invention.

Charles S. Burton, for complainant.

Ludington & Jones, W. Clyde Jones, and Robert H. Parkinson, for defendants.

KOHLSAAT, District Judge. The bill in this suit does not state a case of which a court of equity has cognizance. There is no precedent or authority for a court of equity taking cognizance of a case simply for the purpose of construing the meaning or scope of letters patent. The discovery, accounting, and payment of royalties prayed for would not give a court of equity jurisdiction. Under the facts presented by the bill, complainant's remedy would be at law, even granting his right to bring suit in the federal courts. The ultimate object sought is the payment of royalties. The suit is essentially one on the contract. I do not recognize the distinction sought to be shown by complainant in the wording of the decisions cited. In view of the authorities, I hold that a suit on a contract of license under letters patent is not a suit arising under the patent laws; and, while complainant has ingeniously worded his pleadings so as to fairly disguise the fact, yet I hold that under the facts alleged

in the bill a suit at law must necessarily be based on the contract of license, and the end sought be the collection of royalties under the contract. The bill is dismissed for want of jurisdiction.