ALLEN et al. v. CONSOLIDATED FRUIT JAR CO.

(Circuit Court, D. New Jersey. June 5, 1906.)

1. PATENTS—SUIT TO RECOVER ROYALTIES—EQUITY JURISDICTION.

A court of equity is without jurisdiction of a suit for an accounting for profits, damages, or royalties based on a contract granting a license under a patent, nor is such jurisdiction conferred by the fact that the bill also prays for the cancellation of other patents, since a suit for that purpose cannot be maintained by a private individual.

[Ed. Note.—For cases in point, see vol. 38, Cent. Dig. Patents, § 348.]

2. COSTS—DISMISSAL FOR WANT OF JURISDICTION.

Where both parties have taken proofs without objection, in a suit which is subsequently dismissed for want of jurisdiction appearing on the face of the bill, defendant will not be allowed costs.

[Ed. Note.—For cases in point, see vol. 13, Cent. Dig. Costs, § 197.]

In Equity. On motion to dismiss for want of jurisdiction.

Andrew Foulds, Jr., for complainants.
Theodore B. Booraem, for defendant.

LANNING, District Judge. By their bill the complainants set forth that Joseph C. Allen, one of the complainants, was the original, first, and sole inventor of improvements in receptacles for tooth powder having telescopic tops with circumferential openings; that he duly filed his application for a patent thereon; that on June 5, 1901, he assigned his invention and his right in and to any letters patent that should be issued thereon to the defendant, reserving to himself a royalty to be paid to him by the defendant upon the articles manufactured and sold under the patent, in case one should be allowed; that on December 12, 1901, he assigned to Lewis A. Allen, the other complainant, an undivided interest in the agreement between himself and the defendant; that thereafter patent No. 706,710 was duly issued to the defendant, but for a device narrower than was warranted by the invention; that the defendant, in fraudulent violation of its agreement with Joseph C. Allen, thereafter procured one Henry D. Kent, one of its officers, to apply for and secure in his own name patents for other receptacles which in fact covered the invention of Joseph C. Allen; that these patents are numbered 701,893, 711,053, and 717,216, and have been assigned to the defendant; and that the defendant has been manufacturing and selling under these latter patents large numbers of the receptacles above mentioned. The prayer of the bill is that the defendant may be required to account for profits and damages, and for royalties on the receptacles sold under all of the patents, and that the last three patents may be delivered up to the complainants and canceled. There is also a prayer for general relief. The defendant has answered the bill, denying the fraud and denying its liability to account to the complainants for royalties, except for receptacles manufactured and sold under patent No. 706,710. The complainants filed their replication to the answer and have taken their prima facie proofs, consisting of 66 pages. The defendant has also taken proofs, consisting of 688 pages. The defend-

ant has now concluded that this court is without jurisdiction to grant any relief under the bill and moves to dismiss the bill for want of jurisdiction.

I think the motion must be granted. It is a well-settled rule that a bill in equity cannot be maintained for the mere recovery of profits, damages, or royalties. There is adequate and complete remedy at law for such recovery. It is true that, for the purpose of administering full and complete relief, a United States Circuit Court may maintain a bill for an accounting for profits and damages in a suit for the infringement of a patent where injunction is granted, or where some other equitable relief is required; but the only remedy sought by this bill, in addition to an accounting for profits and damages, is a cancellation of the three patents granted to Kent. It is settled, however, that a patent cannot be annulled in a suit instituted by a private individual except as between the parties in one of the classes of causes mentioned in section 4920 of the Revised Statutes [U. S. Comp. St. 1901, p. 3394], where a suit is brought by a patentee against an alleged infringer. This is not such a suit. If the three patents to Kent were secured by reason of fraud, the proper procedure to secure their annulment is by a bill filed in the name of the United States. See United States v. Bell Telephone Company, 128 U. S. 368-373, 9 Sup. Ct. 90, 32 L. Ed. 450; Mowry v. Whitney, 14 Wall. 441, 20 L. Ed. 858; Walker on Patents, § 322.

It is clear that the court is without jurisdiction to grant the relief prayed for, and the bill must be dismissed; but, inasmuch as both parties have taken proofs under the pleadings as they stand, no costs will be allowed to the defendant. This conclusion is in accord with Spring v. Domestic Sewing Machine Co. (C. C.) 13 Fed. 446, decided in this court more than 20 years ago.