HECKSCHER v. PENNSYLVANIA STEEL CO.

(District Court, E. D. Pennsylvania. May 15, 1913.)

No. 963.

PATENTS (§ 219*)—SUIT TO RECOVER ROYALTIES—EQUITY JURISDICTION.

A court of equity is without jurisdiction of a suit to recover royalties due on a contract granting licenses under a patent, nor is such jurisdiction conferred by the facts that the contract granted licenses to defendant and two subsidiary corporations, and that defendant bound itself to pay the royalties due from itself and the other companies, collecting

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

from them the necessary sums for the purpose; the remedy of complainant at law being adequate in case it has or has not collected such sums.

[Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 339–349; Dec. Dig. § 219.*]

In Equity. Suit by August Heckscher against the Pennsylvania Steel Company. On demurrer to bill. Sustained, and suit transferred to law side.

Francis C. Lowthorp, of Trenton, N. J., and John C. Pennie and G. Elton Parks, both of New York City, for complainant.

A. H. Wintersteen and Frank S. Busser, both of Philadelphia, Pa., for defendant.

J. B. McPHERSON, Circuit Judge. The plaintiff, a citizen of New York, who is the assignee and present owner of two patented processes for "treating fine materials in rotary kilns," is suing the defendant, a Pennsylvania corporation, to recover royalties said to be due under a license granted by the patentee. The bill is demurred to on the ground that the plaintiff has an adequate remedy at law, and in my opinion the demurrer must prevail. I am not able to distinguish the controversy from Root v. Railway Company, 105 U. S. 189, 26 L. Ed. 975—the leading decision on the subject of equitable jurisdiction in this class of cases—and many other decisions to the same effect, from which the following citations may be selected: Perkins v. Hendryx (C. C.) 23 Fed. 418; Crandall v. Mfg. Co. (C. C.) 24 Fed. 738; Lord v. Machine Co. (C. C.) 24 Fed. 801; Purifier Co. v. Wolf (C. C.) 28 Fed. 814; Washburn, etc., Co. v. Freeman Co. (C. C.) 41 Fed. 410; Chase v. Cox (C. C.) 41 Fed. 475; Washburn Co. v. Cincinnati Co. (C. C.) 42 Fed. 675; Perry v. Noyes (C. C.) 96 Fed. 233; Allen v. Fruit Jar Co. (C. C.) 145 Fed. 948. The plaintiff criticises Root v. Railway Co. and some of the accordant decisions on the ground that they rest upon wrong principles, but I need hardly say that this is not the court to which such criticism can be effectively addressed. The duty of a lower court is plain, and I see no escape from the conclusion that this suit should have been at law.

And this conclusion is not disturbed by the facts that the agreement to pay royalties was signed by three companies—the defendant and two subsidiary companies—and that the defendant assumed a certain obligation in respect of the royalties due from the other two:

"The Pennsylvania Steel Company, one of the above-named parties, designated as 'manuacturing companies,' agrees on its own behalf to make payments of the royalties hereinbefore stipulated, whether the said processes and appliances are used by itself, or by Maryland Steel Company, or by the Spanish-American Iron Company, said the Pennsylvania Steel Company collecting from the said Maryland Steel Company and from the Spanish-American Iron Company the necessary sums for that purpose. Said payments of royalties to be made on the 25th day of each month for all materials treated during the preceding month."

If the defendant has already collected money on this account, it is no doubt liable to respond for money had and received. If it has neg-

lected its duty, it is under an obligation to respond at law for such neglect, and the recovery of damages would be adequate redress. I do not agree with the plaintiff's argument that he is a cestui que trust calling upon a trustee to account, and is in need of assistance from a court of equity for that purpose. On the contrary, the situation presents itself to my mind as the ordinary case of a contract to pay, coupled with a contract to collect, followed by a breach of both obligations; and for such a default an action at law seems to furnish a complete remedy.

But under No. 22 of the new equity rules (198 Fed. xxiv, 115 C. C. A. xxiv)—which applies to the present case, without regard to the fact that the suit was brought in 1912 before they went into effect; see rule 81 (198 Fed. xlii, 115 C. C. A. xlii)—the bill is not to be dismissed, but should be transferred to the law side of the court. The clerk is therefore directed to take the necessary steps to carry such transfer into effect. With a few changes the bill may stand as the plaintiff's declaration or statement of claim, and he is hereby allowed 20 days within which to make such amendments as he may find to be necessary.

NOTE.—Counsel for plaintiff requests me to correct the foregoing opinion so far as it speaks of him as criticising Root v. Railway Co., 105 U. S. 189, 26 L. Ed. 975. His criticism is directed, not at Root's Case, which he believes to have been rightly decided, but at what he regards as the misapprehension and misunderstanding of that decision by some of the courts that have supposed they were following it.