WASHBURN & MOEN MANUF'G Co. *v.* CINCINNATI BARBED WIRE
FENCE Co.

*(Circuit Court, S. D. Ohio, W. D.  June 20, 1890.)*

PATENTS FOR INVENTIONS—ASSIGNMENT AND LICENSE—SUIT FOR ROYALTIES—PLEADING.
   A patentee who grants a license to manufacture and sell the patented article, under a contract by which the licensee is to make monthly reports, and pay a stipulated royalty, and for failure to comply with which the licensor may declare a forfeiture, cannot sue in equity to compel the licensee to make reports and account for royalties due, or, on his failure to do so, to enjoin him from further manufacture or sale. By such prayer, he waives the forfeiture clause, and is left to his action at law for the royalties.

In Equity.  On demurrer.
*Lehmann & Parks,* for complainant.
*James Moore,* for defendant.

SAGE, J.  The bill sets forth that the complainant is the owner of certain patents relating to barbed wire, and machinery for making the same; that the defendant is its licensee, engaged in making and selling barbed wire under the license, which provides that the defendant shall make monthly reports of its manufacture and sales, and pay the stipulated royalty thereon; and that, for failure to comply with the provisions of the license, the complainant may declare a forfeiture. The bill further sets forth that many licenses have been granted by the complainant upon like terms with that of the defendant, all for the manufacture and sale of a limited quantity per annum of specified styles of wire; that for the proper maintenance of its business, and of the rights of the several licensees, monthly reports are necessary; that defendant promised, by its acceptance of the license, to co-operate with complainant in maintaining the license system; that it has failed to keep its agreement, and is engaged in making and selling barbed wire under the license without making monthly reports, or paying royalty. The prayer is that the defendant be decreed to perform its agreement; that an account be had of

the royalties due on its manufacture and sales; and that, unless it complies with the requirements of its license, it be enjoined from further manufacture and sales thereunder.    A general demurrer is interposed by the defendant; the point relied upon being that the complainant has an adequate remedy at law.

The defendant relies upon *Washburn & Moen Manuf'g Co.* v. *Freeman Wire Co.*, 41 Fed. Rep. 410; *Root* v. *Railway Co.*, 105 U. S. 189; *Purifier Co.* v. *Wolf*, 28 Fed. Rep. 814; and *Crandall* v. *Manufacturing Co.*, 24 Fed. Rep. 738.    *Washburn & Moen Manuf'g Co.* v. *Freeman Wire Co.*, was, in every particular, such a case as this, and the demurrer to the bill was sustained.    In *Purifier Co.* v. *Wolf*, the license authorized the defendants to make and sell the patented article, and reserved the royalty, to be paid at the end of each month, upon the return of the number and kind of machines manufactured and sold.    The court held that the payment of the royalty was a condition subsequent, and not precedent, and hence that the license was absolute, and, unless it contained some provision of forfeiture for non-payment, the failure to pay the royalty did not forfeit it, and that the licensor was left to his action for the royalty, and could not sustain a bill upon the patent as for an infringement.    The court say, Justice BRADLEY pronouncing the opinion, that—

"A suit for royalty on a license is a suit at common law, or, if in equity, it is a suit on general equity, not depending at all upon the patent law, and not within the jurisdiction of the circuit court of the United States, unless the parties are citizens of different states."

The court further said that, in view of the decision in *Root* v. *Railroad Co.*, 105 U. S. 189, they were satisfied "that the cause of action on the license is not within the equitable jurisdiction of the court; and therefore, if there had been a prayer in this bill for relief on the license for a recovery of the royalty, I don't think it could have been maintained."    Counsel for the complainant undertakes to distinguish that case from this, but we are unable to see that it does not fully apply.    In *Crandall* v. *Manufacturing Co.*, it was held that the licensor had an adequate remedy at law, and could not maintain a bill in equity for an accounting of royalties accruing under the license.    In that case it appears from the report that the only question was how much was due from the licensee under his contract, and no injunction was prayed for.    The demurrer to the bill was sustained, but leave given to the complainant to amend.    In *Densmore* v. *Tanite Co.*, 32 Fed. Rep. 544, which was also cited by counsel for the defendant, the bill was brought to annul the license for the non-payment of the royalty.    The court held that there could be no doubt that such a cause fell within the cognizance of equity, but that the failure to make returns of manufacture and sales, and pay the royalty, afforded no ground for annulling the license; and the demurrer was sustained, and the bill dismissed.    Counsel for the complainant calls attention to the fact that the report of that case does not set out the provisions of the license, and suggests that it may be safely assumed that failure to report and to pay royalty was not a cause of forfeiture.    Conceding the assumption, it avails the complainant nothing;

for in no material respect does a cause upon a license containing no such clause of forfeiture differ from the present case, in which the forfeiture clause is waived, and therefore, so far as the distinction claimed is concerned, might as well have been omitted.

It is contended by counsel for the complainant that the license in the present case gives the licensee nothing more than a qualified right to manufacture and sell the patented article, and that that right is dependent upon the payment of the royalties, and subject to forfeiture for non-payment. But this contention disregards the pregnant suggestion of Justice BRADLEY in *Purifier Co.* v. *Wolf*, already referred to, that, inasmuch as the payment of the royalty is a condition subsequent, and not a condition precedent, the license is absolute, subject only to the forfeiture clause. Such being the contract, the proposition in this case to waive the forfeiture, and substitute an injunction against manufacturing or selling under the license until payment of arrears of royalties, is, in effect, an appeal to a court of equity to coerce payment by making and enforcing a new contract for the parties, which ought not to be done. *Refeld* v. *Woodfolk*, 22 How. 318. In *Woodworth* v. *Weed*, 1 Blatchf. 165, cited for the complainant, the claim of forfeiture was not waived. It was held that the license was forfeited, and the licensee liable as an infringer, or to an action for the royalties, at the option of the licensor. In *Wilson* v. *Sherman*, Id., 536, it was held that there was a forbidden use of the patented thing; and as to that use, but not as to the use authorized by the license, a preliminary injunction was granted. In *Magic Ruffle Co.* v. *Elm City Co.*, 13 Blatchf. 151, the license was to manufacture exclusively a specified ruffle, known as the "double ruffle," and to use the patented machines in its manufacture only. The bill alleged that after the license was made the defendants continued to make and sell the double ruffle specified, and also, in violation of their agreement, quantities of single ruffles. It was held that the complainants could sue either for an infringement of the patent, or for a breach of the agreement, and that, as a bill founded on the agreement, although no royalties were payable, and the patent had expired, the bill was not open to the objection that there was a complete and adequate remedy at law, because an account and a discovery were prayed for, and were necessary. In that case the manufacture and sale were clearly not within the license, which distinguishes it from the present case. In *Manufacturing Co.* v. *Owsley*, 27 Fed. Rep. 100, the claim was that the defendants had manufactured machines covered by complainant's patent, but not included in defendants' license, which sufficiently distinguishes that case from the present. In *McKay* v. *Smith*, 29 Fed. Rep. 295, it does not appear that the license contained a clause of forfeiture. See *Perkins* v. *Hendryx*, 23 Fed. Rep. 418. In *Oil-Cup Co.* v. *Manning*, 32 Fed. Rep. 625, there was a covenant not to sue, which the court held was equivalent to a license, and said that it was apparent from the affidavits presented upon the motion for a preliminary injunction that the real controversy was whether the covenant not to sue was still in force. Upon the facts it was ordered that the motion for an injunction be granted, unless the defendants should ex-

ecute an undertaking to secure the complainant for the amount of any decree which might be rendered in its favor. In *Manufacturing Co.* v. *Porter*, 34 Fed. Rep. 745, the defendants had repudiated the license, and combined with other licensees and with infringers to embarrass the complainant by expensive litigation, and to destroy its license system. It does not appear that there was any clause of forfeiture in the license; and the court distinguished the case, upon the facts, from *Root* v. *Railroad Co.* and *Purifier Co.* v. *Wolf.* That case, therefore, does not affect the conclusion in the present case. There was no clause of forfeiture, so far as the report of the case shows, in *Ball Glove Fastening Co.* v. *Ball & Socket Fastener Co.*, 36 Fed. Rep. 309. *Washburn & M. Manuf'g Co.* v. *Hawkeye Steel Bar Fence Co.* is an unreported case, and therefore, although the ruling was made by a judge who is very high authority, not entitled to the consideration we give to *Purifier Co.* v. *Wolf,*—decided by a judge of equally high authority, and reported,—or to *Hartell* v. *Tilghman*, 99 U. S. 547. But if we disregard the distinctions, above stated, between the cases cited for complainant and this case, it is enough to say that *Root* v. *Railroad Co.* overruled those of earlier date, and is a controlling authority against those of later date, which support the contentions of complainant's counsel.

*Eureka Co.* v. *Bailey Co.*, 11 Wall. 488, is relied upon as exactly in point, and conclusive against the demurrer. But in that case the Bailey Company was the owner of a reissued patent for an improved washing and wringing machine, and was engaged in the manufacture of clothes-wringing machines under other patents. There was an agreement licensing the Eureka Company, in consideration of a stipulated royalty, to use the patent of the Bailey Company, and a covenant that the Eureka Company would not directly or indirectly infringe the reissued patent of the Bailey Company. The bill sets out the covenants of the agreement, charging that they were the result of protracted negotiation, in which the original patent, the reissues, and the character of the invention were well considered, and that they were a fair adjustment of the interests of the parties. The supreme court, in *Root* v. *Railroad Co.*, referring to this case, say that it was because the defendant was guilty of an infringement of the complainant's patent that he was suable in equity in the United States courts, and that it was because of the infringement that the injunction was asked, although, as the court say, the object of the suit, doubtless, was to collect the royalty, but that it was sought by means of, and therefore as an incident to, the jurisdiction of the court, invoked for the purpose of enjoining the continuance of what, until the royalty was acknowledged and paid, was found to be an infringement. The court further say that, for the mere purpose of enforcing the contract for royalty, it was not a case arising under the patent laws, so as to give jurisdiction to the courts of the United States. This view is in full accord with the holding in *Hartell* v. *Tilghman*, cited above, that a suit between citizens of the same state cannot be sustained in the circuit court, as arising under the patent laws of the United States, where the defendant admits the validity and the use of the complainant's letters patent, and a contract is shown

governing the rights of the parties in the use of the invention. The opinion of the court, pronounced by Justice MILLER, is, that relief in such a suit is founded on the contract, and not on the patent laws. The cases from Blatchford, above cited, appear in the memorandum of cases cited by counsel for the complainant in the court below. To the same point, see *Albright* v. *Teas*, 106 U. S. 613, 1 Sup. Ct. Rep. 550, and *Manufacturing Co.* v. *Hyatt*, 125 U. S. 46, 8 Sup. Ct. Rep. 756. See, also, *Purifier Co.* v. *Wolf*, 28 Fed. Rep. 814; *Seibert Cylinder Oil-Cup Co.* v. *Detroit Lubricator Co.*, 34 Fed. Rep. 216; *Seibert Cylinder Oil-Cup Co.* v. *Manning*, Id. 538; *Seibert Cylinder Oil-Cup Co.* v. *William Powell Co.*, 38 Fed. Rep. 600; and *Densmore* v. *Manufacturing Co.*, Id. 747. It is to be observed, moreover, that there was no clause of forfeiture in the license contract in *Eureka Co.* v. *Bailey Co.* It may also be observed that it does not appear that the objection that the complainant had an adequate remedy at law was made in the court below, and, the subject-matter being within the jurisdiction of equity, it was too late to make it on the hearing in the appellate court. *Reynes* v. *Dumont*, 130 U. S. 395, 9 Sup. Ct. Rep. 486, and cases cited. Such an objection "should be taken at the earliest opportunity, and before the defendants enter upon a full defense." *Kilbourn* v. *Sunderland*, 130 U. S. 514, 9 Sup. Ct. Rep. 594.

The objections to recognizing that the complainant has the right to an accounting in equity, and to a discovery, are so well stated by Judge THAYER in *Washburn & Moen Manuf'g Co.* v. *Freeman Wire Co.*, 41 Fed. Rep. 410, that it is enough to refer to the decision in that case, which was made, as has already been stated, upon a case in all respects like the present case. The demurrer will be sustained, and the bill dismissed, at the complainant's costs. The circuit judge concurs in this opinion.