# LINDSAY *v.* FIRST NATIONAL BANK OF SHREVEPORT.

APPEAL FROM AND ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE WESTERN DISTRICT OF LOUISIANA.

No. 132. Argued and submitted December 19, 1894. — Decided March 4, 1895.

A national bank commenced an action in a Circuit Court of the United States to have an assessment of the shares of its capital stock made by state officers declared invalid. The defendants demurred upon the ground that the remedy was in equity. The demurrer was overruled, the case went to trial before a jury, and the plaintiff obtained judgment: *Held*, That, although the proceedings might have been in accordance with practice in the courts of the State, the plaintiff's remedy was in equity according to practice in the Federal courts, and that the demurrer should have been sustained.

THIS was an action brought in the Circuit Court of the United States for the Western District of Louisiana by the First National Bank of Shreveport, a corporation created under the laws of the United States, against Robert H. Lindsay, assessor of the parish of Caddo, the police jury of said parish of Caddo, and the city of Shreveport, Louisiana. The declaration or petition sets forth that the capital stock of said bank consists of 2000 shares of one hundred dollars each, held and owned by about twenty persons, who are named in the petition; that Robert H. Lindsay, as assessor of the parish of Caddo, had assessed the shares of stock of said corporation against the said stockholders on the tax roll of the current

year 1889 at the rate of eighty dollars per share, aggregating the sum of $160,000; that such assessment was unlawful, unjust, and excessive, and that the bank and said stockholders, in due time and form, applied to the police jury of said parish, sitting as a board of reviewers, under the provisions of the revenue laws of said State, for the cancellation of said assessment, or to have the same corrected, but that said board of reviewers failed and refused to cancel or correct such assessment, which accordingly appeared on the tax roll for the year 1889 of said parish; that under the existing laws, on all property subject to taxation the State levies a tax of six mills on the dollar of valuation; that the parish of Caddo, through its police jury, levies a tax of eight mills on the dollar of valuation, and the city of Shreveport levies a tax of twenty-three and three-fourths mills on the dollar of valuation, making a total tax of thirty-seven and three-fourths mills on the dollar of valuation; that under said illegal assessment the State of Louisiana, the parish of Caddo, and the city of Shreveport are about to collect such taxes, aggregating six thousand and forty dollars, from the petitioner "unless prevented by the decree of this honorable court;" that the State of Louisiana has no power or right to tax in any manner the capital stock of any national bank, except so far as such power and right have been granted by the Congress of the United States; that under existing laws of the United States, the State may determine and direct the manner of taxing all shares of national banks having their domicil in the State, provided such taxation shall not be at a greater rate than is assessed upon the moneyed capital in the hands of individual citizens of the State, and that the true intent and meaning of such proviso is that the tax assessed on the shares of national banks shall be equal and uniform with the tax assessed and levied on other property in said State and on the individual owners thereof; that by the statute of the United States authorizing the State to tax, under certain limitations, shares of national banks, by the "law of the land," and by the constitution and laws of the State of Louisiana, it is expressly provided that taxation shall be equal and uniform; that the

assessment so as aforesaid made violates the principle of equality and uniformity in this, that the said Lindsay, assessor, has assessed said shares of stock at a much higher value proportionately than that at which he assessed the property of other citizens subject to taxation, the assessment of said shares being twice as high as that placed on other property; that the said assessor Lindsay has wilfully failed and neglected to assess and place on said tax roll moneys in the possession of citizens of the State, and moneys by such citizens loaned out, bonds, judgments, notes, accounts, and other verdicts held by and due to citizens of the State, and property of other kinds owned by citzens of the State and by persons not citizens of the State, all of which was and is subject to taxation, and should have been assessed and placed on said tax roll, and that the value of said property so omitted from said tax roll exceeded, at the time when said assessment should have been made, the sum of one million dollars; that the acts of the said assessor Lindsay, relating to said tax roll, destroy the uniformity of the rule fixed by the constitution and laws of the State, and are subversive of the act of Congress allowing shares in national banks to be taxed, which act intended to protect the owners of such shares from greater burthens than are imposed on other moneyed capital in the State where such banks are located; that in arriving at the assessment of said shares in said bank the said assessor Lindsay, and the said police jury, sitting as a board of reviewers, took the capital stock of said bank, viz., $200,000, and added thereto $40,000, the earnings of the bank, which did not and does not in any manner constitute any portion of the capital stock of said bank, and which the bank held and now holds in United States bonds, by law exempted from taxation; that section 29 of act No. 85 of the general assembly of Louisiana, session 1888, the existing revenue act of said State, provides that the actual shares of stock of every national bank shall be assessed to the stockholders, and the taxes so assessed shall be paid by the bank, and that all property owned by the bank taxable under section 1 of said act shall be assessed directly to the bank, and the *pro rata* share of such direct taxes and of all

exempt property proportioned to each share of capital stock shall be deducted from the amount of taxes assessed to that share under said section 29; that the said earnings, having been invested in property exempted from taxation, the said assessor and the said police jury should have deducted the same proportionately from the amount of taxes assessed to each share in said bank; that by the provisions of the twenty-ninth section of said act No. 85 of the general assembly of Louisiana, session of 1888, the said bank is required to pay the taxes assessed to its stockholders; that the corporation known as the First National Bank of Shreveport is a juridical person, separate and distinct from each and every person holding stock therein, and is not and cannot be bound to discharge the obligations of such other persons, and that said provisions of said section of said act violate the Constitution of the United States, etc.; that this is a case arising under the Constitution and laws of the United States, and presents Federal questions, and that this honorable court has jurisdiction to hear and determine the same; that therefore the petitioner prays that the said Lindsay, assessor, said police jury of Caddo parish, and the city of Shreveport be cited to answer hereto; that after all legal notices and delays there be judgment in favor of petitioner declaring said assessment null and void, and prohibiting the collection of any tax from petitioner or its stockholders; or in the event the court should not hold said assessment absolutely void, petitioner prays for a judgment reducing said assessment, so as to make it equal and uniform with other assessments, and striking therefrom the amount of property held by the bank exempted from taxation; and prays for all orders and decrees necessary in the premises for costs, and for general relief.

The defendants appeared and filed the following exception:

"Now come defendants in above-entitled suit and except to plaintiff's suit, which is in the law side of the court, on the ground and for the reason that the allegations of plaintiff's bill or petition show that his remedy is not by an action at law, but by injunction and bill in equity, and this court is without jurisdiction to entertain this suit as an action at law.

Whereupon defendants pray that this exception be sustained and plaintiff's suit be dismissed with costs."

After argument this exception was overruled, and thereupon the plaintiff filed an amended or supplemental petition averring, that the bank holds the amount of one hundred and eighty-three thousand dollars in bonds of the United States, constituting a portion of its capital, and so held the same at the time of the unequal and illegal assessment set forth in the original petition, and that in assessing said capital stock in which said amount of bonds was included there was and is an unjust discrimination against said bank and its stockholders, and the shares of the stockholders in said company are assessed at a greater rate than was assessed upon moneyed capital in the bonds of the individual citizens of the State; that United States bonds in the hands of individual citizens of the State were not and are not assessed or taxed; that the statute of the State of Louisiana, under which the assessment was made, discriminates unjustly against petitioner and its stockholders, and violates the principles of equality and uniformity in taxation by exempting such United States bonds from taxation when held by individual citizens of the State and taxes the same when held by the bank and its stockholders; and that said assessment and the statute under which it was made are null and void.

Subsequently the defendants filed the following exception to the amended petition:

" Now come defendants in the above-entitled suit and except to the amended and supplemental petition filed by the plaintiff, on the ground and for the reason that the allegations therein contained disclose no cause of action against these defendants; wherefore they pray that this exception be sustained, and that said petition be dismissed at plaintiff's costs."

On motion and after argument this exception was overruled, and the defendants filed an answer denying generally the allegations of the original and amended petitions, admitting that the shares of stock of plaintiff's bank were assessed in the assessment roll of 1889 to the respective stockholders

named in the petition at a valuation of eighty dollars on each share of the face value of one hundred dollars, and averring that said assessment was at the rate of two-thirds of the actual cash value of such shares, which were, at the rate of said assessment, worth in the market the sum of one hundred and twenty dollars in cash per share, if not more; denying that the assessor or the board of reviewers in and for the parish of Caddo have wilfully or intentionally omitted any property from assessment or taxation for the year 1889, and stating that if there was "surveyed capital in the hands of individuals" in said parish not assessed for the year 1889, the same belonged largely to the shareholders of plaintiff's bank, and was not returned by them for assessment according to law; denying that defendants have discriminated or attempted to discriminate in any manner against the shareholders of plaintiff's bank, and that said bank or its stockholders have any just cause of complaint.

The record further declares that on March 4, 1891, the case came on to be heard, that a jury was empanelled and sworn to try the same, and that, after evidence was put in, the jury rendered the following verdict:

"We, the jury, find the assessable value of each share of stock in the plaintiff's bank is twenty-three dollars and a half, after deducting from the assessment in controversy the amount of United States and state bonds held by the bank as portion of its capital stock."

On March 14, 1891, there was entered a judgment in the following terms:

"In this case, by reason of the law and the evidence, and the verdict of the jury being in favor of the plaintiff, the First National Bank of Shreveport, it is ordered, adjudged, and decreed that there be judgment in favor of said bank against the State of Louisiana reducing the assessment on each share of the capital stock of said bank, made against its several stockholders, as set forth in petition, for the year 1889, from eighty dollars a share to twenty-three $\frac{50}{100}$ dollars a share, said amount of twenty-three $\frac{50}{100}$ dollars being (according to the rate of assessing all property at two-thirds of its

cash value adopted by and governing the assessing officers of the parish of Caddo, for and during the year 1889, in making the assessment of said year) equal to two-thirds of the amount found by the jury to be the full assessable value of each share and reducing the aggregate assessment of the entire 2000 shares of the capital stock of said bank on the assessment roll or tax roll of 1889 from one hundred and sixty thousand to forty-seven thousand dollars; and it is further ordered and decreed that there be judgment to the same effect against the parish of Caddo and against the police jury of said parish; and it is further ordered and decreed that there be judgment to the same effect in favor of said bank and against the city of Shreveport; and it is further ordered and decreed that there be judgment against the defendant, R. H. Lindsay, to the same effect; and it is further ordered and decreed that plaintiffs have and recover from the defendants *in solido* costs, to be taxed."

*Mr. William Wirt Howe* for plaintiffs in error and appellants.

*Mr. A. H. Leonard* for defendant in error and appellee.

Mr. Justice Shiras, after stating the case, delivered the opinion of the court.

This was a proceeding instituted in the Circuit Court of the United States for the Western District of Louisiana by the First National Bank of Shreveport, to have declared invalid an assessment of the shares of its capital stock, made by the assessing officers of the State of Louisiana for the parish of Caddo, in the year 1889.

It is provided by the twenty-seventh section of the act of 1886 of the State of Louisiana that " all taxpayers shall have the right of testing the correctness of their assessments before the courts of justice in any procedure which the constitution and laws may permit;" and, by the thirty-sixth section of the act of 1888, that " all suits relating to taxes and licenses shall be preference suits in all courts where pending, and shall

be tried without a jury as speedily as possible, and in chambers if court is not in session."

The bank filed a declaration or petition on the law side of the court, alleging that the assessment in question was unjust and unequal, and in disregard of the constitution and laws of the State of Louisiana and of the statute of the United States authorizing the State to tax, under certain limitations, shares of the capital stock in national banks, and asking that there be judgment in favor of the petitioner declaring said assessment null and void, and prohibiting the collection of any tax from petitioner or its stockholders; or, in the event the court should not hold said assessment absolutely null, petitioner prayed for a judgment reducing said assessment so as to make it equal and uniform with other assessments and striking therefrom the amount of property held by the bank exempted from taxation, and for general relief.

The defendants appeared, and to this petition filed what is styled an "exception," equivalent to a demurrer, alleging that the suit was an action at law, but that the allegations of plaintiff's petition disclosed that the remedy was not by an action at law, but by injunction and bill in equity, and that the court was without jurisdiction to entertain the suit as an action at law, and therefore prayed that this exception be sustained and plaintiff's suit be dismissed with costs.

This exception was overruled, and, after other proceedings which it is not necessary here to notice, the case was put at issue by an answer traversing the allegations of the petition; a jury was sworn; evidence was adduced by both parties; the judge instructed the jury; a verdict was rendered; and a judgment, in pursuance of the allegations of the petition and of the findings of the verdict, was entered in favor of the bank.

It may be presumed that these proceedings were in due conformity with the practice in the courts of the State, in which no distinction is made between the legal and equitable side. But it is quite evident, from the nature and history of the case, as disclosed by the record, that the case was one in equity, and which, in the Circuit Court of the United States,

ought to have been prosecuted in regular chancery form, as prescribed by the rules in equity.

The suit was not brought to recover excessive taxes that had been paid under protest, nor for damages, nor to recover specific property, real or personal. Its object was to cancel or modify an assessment made by official persons. The relief prayed for was in the nature of a decree enjoining the collection of taxes. The verdict did not call for the payment of damages, or the surrender of the possession of land or chattels, but consisted of a finding that the assessment complained of should be reduced, in manner as prayed for in one part of the petition. The judgment was essentially a decree modifying the assessment and enjoining the officers from collecting the taxes as imposed.

The case is thus brought within the rule, which this court has so often had occasion to lay down, that the remedies in the courts of the United States are, at common law or in equity, not according to the practice of state courts, but according to the principles of common law and equity, as distinguished and defined in that country from which we derive our knowledge of these principles, and that although the forms of proceedings and practice in the state courts shall have been adopted in the Circuit Courts of the United States, yet the adoption of the state practice must not be understood as confounding the principles of law and equity, nor as authorizing legal and equitable claims to be blended together in one suit. *Bennett* v. *Butterworth*, 11 How. 669, 674; *Thompson* v. *Railroad Companies*, 6 Wall. 134; *Broderick will case*, 21 Wall. 503, 520.

It is true that the cases in which such strictures have been expressed have been usually those in which resort has been had to equitable forms of relief instead of legal remedies, and when defendants have thus been deprived of the constitutional right of trial by jury; but, so long as we attach importance to regular forms of procedure, we cannot sustain so plain an attempt as is here presented to substitute the machinery of a court of law, in which the facts are found by the jury and the law prescribed by the judge for the usual and legitimate prac-.

tice of a court of chancery. How inadequate and incongruous the legal remedy is in a case like the present is shown by the so-called judgment. It does not adjudge a sum of money as due by the defendants to the plaintiff whose payment could be enforced by appropriate writs of execution, but it awards a judgment in favor of the plaintiff and against the defendants by decreeing a reduction or abatement of the legal assessments, there existing no legal writ by which the defendants can be compelled to respect or obey the decree.

It is, therefore, clear that the court below should have sustained the defendants' demurrer or exception, and dismissed the suit.

This view of the case takes from our cognizance the several errors assigned to the admission and rejection of evidence and to the charge of the court; nor are we called upon, with the record in its present shape, to decide whether questions were really presented which gave the Circuit Court of the United States jurisdiction, whether at law or in equity, at the suit of a national bank organized and doing business in the district in which the suit was begun.

*The judgment of the court below is reversed and the cause remanded with directions to sustain the exception and dismiss the suit.*