ROSS, Circuit Judge.
The appellant filed in the court below a bill of complaint alleging in substance that prior to July 22, 1901, he invented a certain new and useful improvement in well bailers, for which invention the United States issued to him, pn the 19th day of November, 1901, its letters patent securing to him the full and exclusive right of making, using and vending the device for the term of 17 years thereafter; that at a certain time and place mentioned the defendant, subsequently, without- the license of the complainant, against his will, and in violation of his rights, made and used the said patented improvement, within the jurisdiction of the court below, and intended to continue such use; that the defendant has not paid to the complainant any of the profits made by it by reason of such unlawful manufacture and use of the patented article, and has refused to desist from the further infringement of the complainant’s patent, wherefore, the complainant prayed an accounting, damages for the alleged past infringement, and an injunction against its future infringement. The bill therefore stated a case for the exercise of the powers of a court of equity.
The defendant answered the bill, and, in its answer, admitted its use of two well bailers substantially the same in construction and operation as the bailer described in the complainant’s patent, but denied that it constructed those bailers; and, on the contrary, alleged that they were constructed by one J. M. Smith with the consent of the complainant, that the defendant paid the complainant the royalty upon them, and that he consented to their use by the defendant. The defendant also admitted in its answer that in addition to the two well bailers which it used with the complainant’s consent, and upon payment of royalty therefor, it constructed one similar well bailer, 'to which, it alleged, the complainant consented, “stating that it was all *902 right; and that all he wanted was his royalty, which royalty the defendant agreed to pay on demand, and requested the plaintiff to send in his bill therefor, which complainant has never done.” The defendant, in its answer, denied that it had ever derived any profit or income from the use of either of the bailers, and denied that it had ever threatened or intended to infringe the complainant’s patent.
In respect to the two bailers made by Smith, it was admitted by the complainant at the trial “that the Central Oil Company paid Mr. Smith for those two bailers, and that Mr. Plotts gave Mr. Smith the authority to make those two bailers,” and that such payment included the royalty. The evidence showed that the only other bailer in question was constructed by the appellee. Whether or not with the complainant’s consent, the testimony is not entirely agreed, but the evidence is without conflict that the appellee never claimed any right to make such bailer without the patentee’s consent, and at no time threatened to use it contrary to his consent or without the payment of such royalty or fee as he should exact. In respect to the bailer made by the appellee, the evidence ¡shows that the parties agreed upon a royalty of $4, which the president of the appellee company promised to pay, and would have paid at the time if he had had the money in his pocket. No question was made in respect to the company’s solvency, nor was there, as has been said, any evidence tending to show that there were any profits to be accounted for, or any evidence tending to show any threat or intention on the part of the defendant company to continue to use the bailer in question without the patentee’s consent, or in violation of his rights. There was therefore nothing in the evidence calling for the exercise of any equitable power on the part of the court below, there was nothing to enjoin, there was no occasion for any accounting, nor for any discovery of any character. If the $4 agreed upon by the parties as the royalty upon the one bailer made by the defendant company was not paid when wanted, an action at law for the amount would have afforded an adequate and complete remedy.
The court below was therefore quite right in dismissing the bill. Root v. Railway Company, 105 U. S. 189, 215, 26 L. Ed. 975; Smith et al. v. Sands et al. (C. C.) 24 Fed. 470, 471; Spring v. Domestic Sewing Machine Company (C. C.) 13 Fed. 446.
The judgment is affirmed.