O'NIELL, J., dissents for the reasons given in his dissenting opinion in Lebeau v. Police Jury of Pointe Coupee Parish, 72 South. 915.

———

(75 South. 425)

No. 21392.

ROSS et al. v. SISTERS OF CHARITY OF INCARNATE WORD.

(May 14, 1917.)

*(Syllabus by the Court.)*

1. CARRIERS ⬤═280(4)—PASSENGER ELEVATOR —CARE REQUIRED.

The owner of a passenger elevator operated in a business building for carrying passengers may not be a carrier of passengers in the sense that he is bound to serve the public; yet his duty is to protect the passengers, and he is bound to do all that human care, vigilance, and foresight can reasonably suggest under the circumstances, and, in view of the mode of conveyance adopted, to guard against injuries and accidents resulting therefrom, and a failure in this respect will constitute negligence rendering him liable.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1092, 1117.]

2. CARRIERS ⬤═295(2)—PASSENGER ELEVATOR —PERSONAL INJURY—LIABILITY.

Failure to employ an operator for a single automatic push button elevator in a hospital or asylum is not actionable by any passenger, except a child of such tender years who cannot know and appreciate the risk.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. § 1194.]

3. CARRIERS ⬤═295(2)—PASSENGER ELEVATOR —PERSONAL INJURY—LIABILITY.

A person of mature years, using such elevator under those circumstances, would have to establish other facts to recover damages for injuries sustained by him in such an elevator.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. § 1194.]

Appeal from First Judicial District Court, Parish of Caddo; R. D. Webb, Judge.

Suit by Mrs. Annie Ross and by her husband in his own interest against the Sisters of Charity of the Incarnate Word. Judgment for defendant dismissing the suit, and Mrs. Ross appeals. Affirmed.

W. A. Mabry, S. I. Foster, and John F. Phillips, all of Shreveport, for appellant. Alexander & Wilkinson, of Shreveport, for appellee.

SOMMERVILLE, J. Mrs. Ross assisted by her husband, Robert L. Ross, and Mr. Ross, in his own interest, sue the defendant for $5,000 for injuries sustained by Mrs. Ross and $50 for personal expenses incurred by Mrs. Ross because of said injuries.

Plaintiffs allege that while Mrs. Ross was on a visit to the sanitarium in charge of the defendant that she was injured while descending from the third floor to the first floor in a single automatic push button elevator, which was in such condition and repair as to endanger the lives of those who used the same, and that it was not in a normal state of repair when she used said elevator; that the electricity was not safely

or properly applied; that the defendant knew of the treacherous and unsafe condition of said elevator; that its brakes were not safe; and that prior to that time, under the eyes of the officers, agents, and employés of the defendant, the dangerous and unsafe condition of said elevator had been demonstrated; but that it withheld from plaintiff any information on the subject, and, knowing the condition of said elevator, permitted her to enter same unaccompanied and unadvised as to its dangerous condition.

Defendant answered that there was no negligence on its part, and that whatever injuries were sustained by the plaintiff were through her own fault and negligence in attempting, as defendant believes, to leave the elevator before it reached the floor where it was to stop. There was judgment in favor of defendant, dismissing plaintiffs' demands. Mrs. Ross has appealed.

It was admitted that the defendant had in its hospital, and which was known as the T. E. Schumpert Memorial, a single automatic push button elevator, as described in plaintiffs' petition, and that plaintiff was injured at the time and in the elevator as stated by her.

[1] While the owner of a passenger elevator operated in a business building for carrying passengers up and down may not be a carrier of passengers in the sense that he is bound to serve the public, yet his duty as to protecting the passengers in his elevator from danger is the same as that applicable for the carrier of passengers by other means, and he is bound to do all that human care, vigilance, and foresight can reasonably suggest under the circumstances, and, in view of the character of the mode of conveyance adopted, to guard against accidents and injuries resulting therefrom; and a failure in this respect will constitute negligence rendering him liable. He owes the same duty to those who by invitation, express or implied, are transported in the cars of such elevator, to exercise the highest care, in view of the character of the mode of conveyance adopted, as to the safety of the car and all appliances. 6 Cyc. 596 and 622; Yarbrough v. Swift & Co., 119 La. 344, 44 South. 121.

The evidence shows that the elevator used by the defendants was a comparatively new one; that it had required some slight repairs to be made at different times; that it was in good order and condition, and at the time of the accident it was being used without any trouble or indication of trouble; and that subsequent to the accident the same use was being made of the elevator as had been made before, without the necessity of repairing same in any way. It was manufactured by the Otis Elevator Company, and was one of a type which is in general use in hospitals, asylums, etc., and it was operated by the means of push buttons, the use of which was easily understood and of easy application.

Mrs. Ross testified that on leaving the third floor of the building she was instructed by a nurse how to operate the car and cause it to stop at the first floor, and that she followed the instructions, by pushing the necessary button for that floor, and that when the elevator got to the first floor, where she wished to leave it, that it did stop, and while she was trying to open the door which was attached to the shaft that the elevator descended to the basement, and that she was injured and crushed through the faulty operation of said elevator, and without any fault on her part.

The evidence is not clear that the elevator stopped at the floor where plaintiff desired to alight. She evidently thought that it did stop there, when she undertook to open the door, which she said was hard to open and would not yield to her endeavors. But she is not sustained in this

assertion. One of her witnesses said that the elevator seemed to stop at the office floor, where he was standing, but he could not say whether it really stopped or not. He was uncertain. The only other witness of the accident was a man who was on the same floor, and who testified on behalf of plaintiff. He said very positively that the elevator did not stop at the first floor.

It therefore appears that the plaintiff, who desired to stop at the office floor, and who had arrived at that floor, thought that the elevator came to a stop, and undertook to open the door and leave the elevator while it, the elevator, was still in motion. In so doing she stood on a ledge, or sill, which was stationary; and the descending elevator caught and crushed her, very severely injuring her. As the elevator did not stop at the office floor, when plaintiff desired to leave it, she should have remained in the elevator, which was a perfectly safe and sane thing to have done until it did stop. It is possible that in preparing to descend plaintiff pushed the wrong button, and that that mistake caused the elevator to descend to the basement instead of to the office floor. If so, the fault was entirely her own, and not the defendant's.

[2, 3] Plaintiff claims and argues that the elevator should have been in charge of some one who was placed there to operate it. But the evidence is that the elevator was so easy to manage that a child might have done it in safety; and a failure to employ an operator on an elevator of that character is not actionable by any passenger, except a child of such tender years that he cannot know and appreciate the risk he is running by exposing himself unnecessarily. Plaintiff could have no right of recovery unless the evidence established other facts than that she was permitted to use the elevator, and that an injury was sustained by her. Shellerberger v. Fisher, 143 Fed. 937, 75 C. C. A. 9, 5 L. R. A. (N. S.) 250.

Plaintiff has failed to prove any fault or negligence on the part of defendant through which she was injured, and she cannot therefore recover damages from them.

The district judge found:

That the plaintiff could not be excused for "exposing herself to the descending car when it does not appear that it was necessary to have exposed herself in order to have opened the shaft door, and that the car had not stopped.

"Had she remained in the car, she would not have sustained any injury even though there was negligence on the part of the defendants; her negligence was a contributing cause to her injury, and she was not in the exercise of ordinary care."

Judgment affirmed.

O'NIELL, J., concurs in the decree.