**MORRIS et al. v. TEXAS WORKING BARREL MFG. CO.**

(Circuit Court of Appeals, Fifth Circuit. July 24, 1926.)

No. 4748.

**1. Appeal and error ☞850(2)—Defendants held concluded by money judgment, but error in granting injunction reviewable, where jury was waived, defendants failed to request finding of facts or move for judgment, and court made no findings.**

Where jury was waived, no objection was made to introduction or rejection of evidence, defendants made no request for finding of facts nor motion for judgment, and court made no finding of facts, except for recital in judgment, defendants *held* concluded by money judgment rendered, since no fact question was saved for review, but error in granting injunction, being one of law, may be reviewed.

**2. Courts ☞342—Legal and equitable actions, seeking affirmative relief, cannot be joined in same suit in federal courts, regardless of state practice (Judicial Code, §§ 274a, 274b [Comp. St. §§ 1251a, 1251b]).**

Legal and equitable actions, seeking affirmative relief, cannot be joined in same suit in federal courts, though state practice permits such joinder, since practice at law and in equity is not merged by Judicial Code, §§ 274a, 274b (Comp. St. §§ 1251a, 1251b).

**3. Patents ☞261.**

Exclusive license to manufacture and sell patented improvement in pumps would be complete defense in suit for infringement.

**4. Patents ☞219(7)—Owner of letters patent held not entitled to injunctive relief in action to recover royalties.**

Action by owner of letters patent against one who had license to manufacture and sell patented article, to recover royalties and for

13 F.(2d)—62

breach of contract, *held* to be at law, and plaintiff was not entitled to injunctive relief.

**5. Courts ☞406(2)—Where jury was waived in law action, Circuit Court of Appeals will correct error in granting injunction by amending judgment.**

Where jury was waived in law action, Circuit Court of Appeals will correct error in granting injunction by amending judgment, rather than by remanding case for new trial.

In Error to the District Court of the United States for the Northern District of Texas; James C. Wilson, Judge.

Suit by the Texas Working Barrel Manufacturing Company against George B. Morris and others. Judgment for plaintiff, and defendants bring error. Amended and affirmed.

Jo. Baily Brown, of Pittsburgh, Pa., and D. M. Alexander, of Fort Worth, Tex. (Alexander & Baldwin, of Fort Worth, Tex., and Winter, Brown & Critchlow, of Pittsburgh, Pa., on the brief), for plaintiffs in error.

P. Walter Brown and Sidney L. Samuels, both of Fort Worth, Tex., for defendant in error.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

FOSTER, Circuit Judge. In this case defendant in error, hereafter referred to as plaintiff, was the owner by assignment of letters patent No. 1,436,881, issued November 28, 1922, to Michael A. Kerr and Adolph Chanowsky, covering an improvement in pumps usually called a working barrel, designed for pumping oil from an oil well. In April, 1923, plaintiff entered into a contract with plaintiffs in error, hereafter referred to as defendants, by which an exclusive license was granted for eight years to manufacture and sell, but not to use, the patented article throughout the United States and elsewhere, except in the state of California. Defendants proceeded to manufacture and market the pump, and paid the royalties for the first year, amounting to $3,000, but thereafter did not pay the royalties promptly as provided for in the contract.

Plaintiff then filed this suit at law to recover the royalties alleged to be due, for damages alleged to have been caused by a breach of the contract by defendants selling the pump in California, contrary to the license, and also for damages alleged to have been caused by the failure of defendants to number the pumps manufactured and to plainly mark them "patented." Neither

present infringement nor anticipated future infringement is alleged in the petition, but plaintiff also prayed for the cancellation of the contract, and for a perpetual injunction prohibiting defendants from manufacturing or selling the pump.

Defendants did not object to the form of the petition, but answered, joining in the prayer for cancellation of the contract, setting up that the pump manufactured was not protected by the patent, and therefore the contract was without consideration, and on that ground denied liability and filed a counterclaim to recover the royalties already paid.

[1] The jury was waived, and the case submitted to the judge, who heard the evidence in open court. The court entered a general judgment in favor of plaintiff for $3,329.75, with interest and costs, rejected defendants' counterclaim, ordered the contract canceled and granted a perpetual injunction as prayed for. It does not appear that any objection was made to the introduction or rejection of evidence in the course of the trial, nor that defendants requested the court to make findings of facts. Neither does it appear that any motion was made by defendants for judgment in their favor. Except that the court included in the recitals of the judgment a finding that the pump manufactured was substantially the same as the patented device, no finding of facts was made. In this state of the record, there are no questions of fact that we may review, and defendants are concluded by the money judgment rendered. Bank of Waterproof v. Fidelity and Deposit Co. (C. C. A.) 299 F. 478; Fleischmann Construction Co. v. United States, 46 S. Ct. 284, 70 L. Ed. ——, decided by the Supreme Court, March 1, 1926.

[2] However, error is assigned to the granting of the injunction, and this, if error, is one of law and apparent on the record. No doubt the petition is in good form under the Texas practice, which makes no distinction between law and equity, and permits the joinder in one petition of causes cognizable at law and in equity. It is suggested that under the provisions of the Judicial Code, § 274a, 274b (Comp. St. §§ 1251a, 1251b), allowing equitable defenses to be set up in an action at law, and allowing the transfer of cases from one side to the other, the practice has been changed so as to merge the two forms of action in one proceeding, and that the injunctive relief prayed for is incidental to the main demands. The suggestion is not persuasive.

It was always possible to oppose equitable defenses to an action at law by filing an independent bill, whereupon the proceedings in the suit at law might be stayed. By enacting sections 274a and 274b, Judicial Code, Congress merely simplified the practice, obviating the necessity of filing a bill and the delay incident thereto, but the subsequent procedure is identical. The court must first determine the sufficiency of the equitable defenses. If they are overruled, the case goes to the jury on the law questions. The practice at law and in equity is not merged, and no change has been made in substance. Liberty Oil Co. v. Condon Nat. Bank, 260 U. S. 235, 43 S. Ct. 118, 67 L. Ed. 232. It is well settled that, regardless of state practice, legal and equitable actions seeking affirmative relief cannot be joined in the same suit in the federal courts. Hurt v. Hollingsworth, 100 U. S. 100, 25 L. Ed. 569; Lindsay v. Shreveport Bank, 156 U. S. 485, 15 S. Ct. 472, 39 L. Ed. 505; Lantry v. Wallace, 182 U. S. 536, 21 S. Ct. 878, 45 L. Ed. 1218.

[3, 4] In this case it is not necessary to rest the decision on a mere technicality as to pleading. Plaintiff did not allege infringement of the patent, and could not have maintained a bill for infringement. The license contract does not provide for termination on notice for failure to pay royalties, and it is not contended it was terminated before suit. The license would have been a complete defense in a suit for infringement. Slessinger v. Buckingham (C. C.) 17 F. 454; Hapgood v. Hewitt, 119 U. S. 226, 7 S. Ct. 193, 30 L. Ed. 369; Plotts v. Central Oil Co., 143 F. 901, 75 C. C. A. 7. The suit was purely on the contract to recover royalties, and for damages for other breaches. Plaintiff had a complete and adequate remedy at law, and the suit could be only at law. Germain v. Wilgus, 67 F. 597, 14 C. C. A. 561; Woodmanse v. Williams, 68 F. 489, 15 C. C. A. 520; Chadeloid v. Johnson, 203 F. 993, 122 C. C. A. 293; Root v. Railway Co., 105 U. S. 189, 26 L. Ed. 975. It follows that the suit was properly brought at law, and plaintiff was not entitled to an injunction on any aspect of the case presented.

[5] The prayer for an injunction should have been disregarded, and it was clearly error to grant that relief in this case. However, it is not necessary, as the jury was waived, to remand the case for a new trial on that ground alone, and we may proceed to enter such judgment as should have been entered in the District Court. Bank of Waterproof v. Fidelity & Deposit Co., supra.

A judgment may be good in part and bad in part. Semmes v. U. S., 91 U. S. 21, 23 L. Ed. 193.

The judgment will be amended by striking out that part awarding plaintiff an injunction, without prejudice to either plaintiff or defendant, and, as so amended, it will be affirmed, defendants to pay costs in the District Court and plaintiff to pay the costs of appeal.

Amended and affirmed.