## O'BRIEN et al. v. MACKEY.

District Court, S. D. New York. October 11, 1929.

John Taylor Breen, of New York City (Joseph Walker Magrauth, of New York City, of counsel), for the motions.

Arthur F. Driscoll (of O'Brien, Malevinsky & Driscoll), of New York City, opposed.

WOOLSEY, District Judge. This motion is denied.

This is a litigation between lawyers. The defendant was formerly employed in the plaintiffs' law office in this city.

The case, which involves more than $3,000, was removed from the New York Supreme Court, New York County, on the ground of diversity of citizenship. All the plaintiffs are citizens and residents of New York state and of this district, and the defendant is a citizen and resident of the state of New Jersey.

After its removal to this court, the case was placed on the law docket, in spite of the fact that the bill in the first alleged cause of action prayed for an accounting and in the second alleged cause of action prayed for an accounting and to have liens impressed on certain matters and cases which the defendant had taken away with him when he left the plaintiffs' employ as hereinafter described.

On September 13, 1929, on an ex parte order, issued in ordinary course, the clerk of this court was directed to transfer this case from the law docket to the equity docket.

This motion is to set aside this ex parte order and for an order directing the clerk to restore the case to the law docket.

Under this motion it is necessary to consider whether the complaint shows on its face that the plaintiffs are entitled to equitable relief. The situation, therefore, is not different than it would have been if a motion had

been made to dismiss the bill for want of equity.

The gravamen of the bill and the background of the situation involved in this case is thus pleaded in paragraphs III, IV, and V thereof:

"III. In December, 1925, defendant entered into the employ of plaintiffs upon an agreement that plaintiffs should pay to defendant a weekly salary at the rate of Six thousand ($6,000) dollars per year, and that defendant should give to plaintiffs, his full time and services as an attorney at law, with the exception that the defendant should be privileged to handle individually and with the assistance of plaintiffs' office force and with the office facilities provided by plaintiffs herein, any legal work which he attracted or secured, other than through plaintiffs' business, the fees therefor, to be divided Fifty percent to plaintiffs and Fifty percent to defendant, said business to be handled by defendant in conjunction with the work that he was to do for plaintiffs.

"IV. Defendant continued in plaintiffs' employ until March 31, 1929, when he was requested to resign, being paid a salary by plaintiffs at the rate of Six thousand ($6,000) dollars per year, until the beginning of 1925, when his salary was raised to One hundred twenty-five ($125) dollars per week and at the beginning of 1926 to One hundred thirty-five ($135) dollars per week; at the beginning of 1927 to One hundred and fifty ($150) per week; at the beginning of 1928, to Two hundred ($200) dollars per week.

"V. During said period of time from December 19, 1923 to March 31, 1929, individually and with the assistance of plaintiffs' office force and with the office facilities provided by plaintiffs, defendant did handle a number of items of legal work which he claimed to have been responsible for and defendant did collect fees therefrom."

The bill then states that the defendant has failed to account for 50 per cent. of the fees earned on the cases and matters listed in the first cause of action, and that he took with him when he left the plaintiffs' employ on March 31, 1929, the cases and matters listed in the schedule annexed to the second cause of action. In respect of these latter cases and matters the plaintiffs claim a lien for 50 per cent. of the reasonable value of the legal services rendered in them up to March 31, 1929. I think that the bill states a good case for an accounting in equity. It involved a joint venture or quasi partnership in the practice of the law, and hence such a fiduciary relationship exists as to make the case properly of equitable cognizance. Empire Circuit Co. v. Sullivan (C. C.) 169 F. 1009; Morris & Co. v. Whitley (C. C. A.) 183 F. 764; Proctor & Gamble Co. v. Powelson (C. C. A.) 288 F. 299, 303; Goffe & Clarkener v. Lyons Milling Co. (D. C.) 26 F.(2d) 801; Forman v. Lumm, 214 App. Div. 579, 583, 212 N. Y. S. 487.

As to the second cause of action, a bill in equity to enforce an attorney's lien is not unknown, Fuller v. Clemmons, 158 Ala. 340, 48 So. 101, although the circumstances here are novel.

On the procedural side the advantages of equity are most marked in a case of this kind.

The defendant in an action at law in the United States court cannot be examined before trial. Colgate v. Compagnie Francaise du Telegraphe (C. C.) 23 F. 82, 83; Beardsley v. Littell, 14 Blatchf. 102, Fed. Cas. No. 1185.

Section 724 of the Revised Statutes (28 USCA § 636) provides for discovery in a law case only at the trial. Carpenter v. Winn, 221 U. S. 533, 31 S. Ct. 683, 55 L. Ed. 842. It is obvious that the procedure allowed under that statute would not be adequate to the circumstances of this case.

For, if I have counted correctly, there are 71 cases and matters listed in the first cause of action as having been dealt with by the defendant under the alleged agreement to account for his fees whilst he was in the plaintiffs' employ, and 184 cases and matters listed in the schedule annexed to the second cause of action as matters which the defendant took with him when he left the plaintiffs' employ and on which the lien for 50 per cent. of the value of the services rendered up to March 31, 1929, above referred to, is sought to be impressed.

It is perfectly obvious that an eleventh hour discovery of a complicated situation such as is involved in this case would be of no practical value to the plaintiffs on the trial. Furthermore, this is a case on which a jury could not do more than guess. Hapgood v. Berry (C. C. A.) 157 F. 808; Lewis Publishing Co. v. Wyman (C. C. A.) 182 Fed. 13; Goffe & Clarkener v. Lyons Milling Co. (D. C.) 26 F.(2d) 801, 803, 805. It seems to me that both in its essential quality and its procedural necessities this is a case for an equitable accounting.

II. Motion to Strike out Interrogatories.

This motion is granted, but not on all the grounds set forth in the objections to the interrogatories.

The first objection that this case is an action at law is overruled for the reasons hereinabove stated.

The second objection that the plaintiffs are not entitled to obtain an accounting by interrogatories until their right to an accounting is established is, however, sustained.

I have held that the complaint states a good cause of action for an accounting in equity. The defendant, however, does not admit the contract or that he is bound to account, and this issue must be decided before the interrogatories are answered.

After the trial of this issue, these interrogatories will probably become unnecessary because the evidence plaintiffs are now seeking can be secured and put in before the master who will be appointed to state the account if the plaintiffs are successful on the trial.

In dealing with the third objection to the interrogatories, it is necessary to state into what categories they fall. As the defendant's counsel points out, the 345 interrogatories are of 5 different types. After naming a case brought by the defendant for a personal client, the following questions in substance are asked:

"1. Did you do legal work in it?

"2. What amount of money did you collect on behalf of *your client* in this particular case?

"3. What amount of money did you turn over to *your client* in this particular case?

"4. What amount of money did you turn over to plaintiffs or their representative on account of this case?

"5. What was the total legal fee paid by *your client* in this matter, and when was such installment paid?"

I think that the first and the fifth interrogatories would be perfectly good if they were not premature for the reasons above stated. I think that the second and third would probably be necessary in order to form a background for the first and fifth, but as to the fourth interrogatory inquiring what money was paid to the plaintiffs in respect of these cases handled by the defendant, this is something which the plaintiffs know and in respect of which discovery is unnecessary. Hence I sustain the defendant's objections Nos. 4 to 72, which challenge this interrogatory in the various places in which it occurs.

III. Motion for Bill of Particulars.

This motion is denied.

In equity the defendant may file interrogatories, with leave of the court, at any time, under Rule 58 (28 USCA § 723). Consequently, in denying this motion, I am merely leaving the defendant to his appropriate procedure in an equity suit.