## HUBBELL et al. v. AMERICAN CYANAMID CO.

### No. 5678.

Circuit Court of Appeals, Third Circuit.

March 25, 1935.

Pennie, Davis, Marvin & Edmonds, of New York City (John E. Hubbell and W. Brown Morton, both of New York City, of counsel), for appellants.

Watson, Bristol, Johnson & Leavenworth, of New York City (David A. Woodcock and Leonard A. Watson, both of New York City, of counsel), for appellee.

Before BUFFINGTON, WOOLLEY, and THOMPSON, Circuit Judges.

BUFFINGTON, Circuit Judge.

In their bill filed in the court below the owners of Patent No. 1,912,141, granted May 30, 1933, to Jesse P. Hubbell for a method of fumigation, charged the American Cyanamid Company with infringement thereof. Adding to the ordinary bill for patent infringement, plaintiffs made another complaint charging defendant with the doing of certain wrongful acts injurious to the plaintiffs and praying "that upon the entering of the decree against the defendant for infringement, your Honors may proceed to assess or cause to be assessed under your direction, as well the defendant's said unlawful profits or income, as also in addition thereto the damages sustained by the plaintiffs by reason of defendant's said unlawful acts, and that your Honors may increase the actual damages so assessed to a sum equal to three times the amount of such assess-

ment, under the circumstances of the wilful and unjust nature of the said acts."

On motion of defendant to strike out this second cause of complaint, the court entered the order appealed from, its decree being:

"Ordered, that plaintiffs' bill of complaint as amended be restricted to the infringement cause of action in the said bill; and it is further

"Ordered, that the plaintiffs' bill be dismissed in respect to said second cause of action without prejudice to plaintiffs' rights to transfer said second cause of action to the law side of this court within twenty days following this order, or, if an appeal from this order is taken within twenty days following the final determination of said appeal."

After due consideration had, we find no error in this decree. The second cause of action for unliquidated damages was not one for relief in equity. Buzard v. Houston, 119 U. S. 347, 7 S. Ct. 249, 30 L. Ed. 451; Schoenthal et al. v. Irving Trust Co., 287 U. S. 92, 53 S. Ct. 50, 77 L. Ed. 185; Section 16, Judiciary Act of Sept. 24, 1789 (now Jud. Code § 267 [28 USCA § 384]).

Decree affirmed.