### HESPE et al. v. CORNING GLASS WORKS, Inc.

### No. 1893.

District Court, W. D. New York.

July 13, 1936.

See, also, 9 F.Supp. 725.

Aro G. Gabriel, of Union City, N. J., for plaintiffs.

Sayles, Flannery, Collin & Evans, of Elmira, N. Y., for defendant.

KNIGHT, District Judge.

The plaintiffs move for an order directing the defendant to serve answers to

certain interrogatories. The complaint contains three alleged causes of action: The first charges that the defendant breached a certain agreement, and thereby the plaintiffs were deprived and will be deprived of profits and other income; the second, that the defendant breached the agreement aforesaid, in that defendant questioned the validity of certain patents and that thereby the plaintiffs were deprived and will be deprived of profits and other income; and, third, that by reason of the conduct of the defendant and breach of the agreement aforesaid indicating fraud and deliberate willfulness to injure the plaintiffs, plaintiffs are entitled to exemplary damages. The answer denies the material allegations of the complaint, except as to the institution of a certain suit in equity, and sets up certain defenses as against the plaintiffs' right to recover upon the agreement.

▋ The first question is whether this suit is one at law or in equity. It is the contention of the plaintiff that this is a suit in equity. The contention of the defendant is that it is one at law. If it is an action at law, the plaintiffs have no right to require an answer to any interrogatories. O'Brien et al. v. Mackey (D.C.) 36 F.(2d) 89; Carpenter v. Winn, 221 U.S. 533, 31 S.Ct. 683, 55 L.Ed. 842. I do not understand that the plaintiffs claim any such right.

▋ "Suits in equity shall not be sustained in any court of the United States in any case where a plain, adequate, and complete remedy may be had at law." Section 384, title 28, U.S.Code, 28 U.S.C.A. § 384 (Jud.Code § 267). "In determining whether there is an adequate remedy at law, the inquiry is whether, by the principles of common law and equity, as distinguished and defined in this country and England at the time of the adoption of the Constitution, the relief sought was obtainable at law, or is such as only a court of equity was fully competent to give." Hughes, Federal Practice, § 951. "In order that the legal remedy be adequate to defeat equity jurisdiction, it must be as complete, practical, and efficient as a remedy in equity, * * * it must be as prompt and efficient as the equitable remedy, and not doubtful or difficult." Id. § 953.

▋ The complaint does not allege that the plaintiffs have no adequate remedy at law. "The bill should state facts showing that there is no adequate remedy at law,

and so state." Hughes, Federal Practice, § 9207. The suit is not brought to set aside an agreement. No demand for an accounting is made. The complaint asks money judgment as damages for the breach of a contract. It is alleged that the defendant violated the contract in that it contested the validity of the Hespe patents and that it manufactured materials for nonlicensees. Waiving the question of whether it was necessary that the plaintiffs plead that they have no adequate remedy at law and waiving the fact that the complaint does not ask for an accounting, still it must be held that this complaint contains statement of facts sufficient to sustain a cause of action at law and not in equity.

▋ Except in certain particular suits, it is often difficult to distinguish between a right to sue in equity and under the common law. "No hard and fast rule can be laid down as to the exact conditions under which a court of equity will take jurisdiction to compel an accounting." Hughes, Federal Practice, § 966. Under existing law the federal courts have no discretionary power to order a reference in an action upon an accounting. This can be done in numerous states in an action at law. The mere right to bring an action for an accounting does not give the right to sue in equity. When it is made to appear that the accounts are involved and intricate and numerous, the court will lean to the side sustaining a suit in equity in order that there may be a reference to a master. London Guarantee & Accident Co., Ltd., v. Bell Tel. Co. (C.C.) 171 F. 278, 279; McMullen Lumber Co. v. Strother (C.C. A.) 136 F. 295. "The jurisdiction in equity in the federal courts is concurrent with that of law, and in matters requiring an accounting, which would be difficult or impracticable for a jury to make, a court of equity will entertain jurisdiction." London Guarantee & Accident Co. v. Bell Tel. Co., supra; 6 Pomeroy, § 930.

In the suit at bar it does not appear that there will be any involved, intricate, or confusing accounts. While the plaintiffs will not have the benefit of the answers to interrogatories, in a suit at law they may subpœna the production of the books and records of the defendants and may examine them at the trial. Access to the books and records of any nonlicensee may likewise be obtained. The complaint presents an issue based upon contract, and there is nothing to show that any accounts

of defendant are such that they will not be comprehensible by a jury.

In Root v. Lake Shore & M. S. Ry. Co., 105 U.S. 189, 215, 26 L.Ed. 975, the bill charged infringement whereby defendant realized profits for which it was asked to account. The prayer in the bill asked that the defendant be compelled to account and pay over profits. Demurrer based on the ground that the bill did not contain any matter in equity was sustained. Said the court: "Our conclusion is, that a bill in equity for a naked account of profits and damages against an infringer of a patent cannot be sustained."

In Germain v. Wilgus (C.C.A.) 67 F. 597, 601, the bill being for infringement and profits, it was held there were no allegations showing grounds for a discovery, and the court said: "In fact, it does not appear but that every important question presented in the bill could be tried as well at law as in equity."

In Woodmanse & Hewitt Mfg. Co. v. Williams (C.C.A.) 68 F. 489, 492, the bill was for an injunction and for an accounting to damages and profits. The suit was for infringement. It was there said: "There is nothing so peculiar to a suit for damages and profits for infringement of a patent as will, independently of some recognized ground of equitable jurisdiction, justify a court of chancery in assuming jurisdiction."

In Morris v. Texas Working Barrel Mfg. Co. (C.C.A.) 13 F.(2d) 977, 978, is found a case quite comparable to the one at bar. Plaintiff there sought to recover royalties alleged to be due and for damages caused by the breach of a contract. A jury was waived, and trial was had by the court, which ordered the contract canceled and granted a perpetual injunction. Said the court on appeal: "The suit was purely on the contract to recover royalties, and for damages for other breaches. Plaintiff had a complete and adequate remedy at law, and the suit could be only at law."

In Atlantic Monthly Co. v. Post Pub. Co. (D.C.) 27 F.(2d) 556, 559, suit to restrain infringement of copyright in a letter written by former Governor Alfred E. Smith of New York state to Charles C. Marshall and to recover damages and profits. Infringement was found, but injunction denied. The court said: "Our conclusion is that a bill in equity for a naked account of profits and damages against an infringer of a patent cannot be sustained."

While the above-cited cases are suits involving infringements over which the court has jurisdiction in equity, it is obvious that the conclusions are applicable where the suit is for recovery of damages for violation of a license agreement.

In Consolidated Middlings Purifier Co. v. Wolf et al. (C.C.) 28 F. 814, a suit for infringement on failure of licensee to pay a royalty, it was said that an action merely for an account of profits and damages on license can not be maintained in equity. There the license agreement contained no condition of forfeiture on failure to pay.

In Washburn & Moon Mfg. Co. v. Cincinnati Barbed-Wire Fence Co. (C.C.) 42 F. 675, it was held a patentee who granted a license to manufacture and sell a patented article could not sue in equity to compel the licensee to make reports and accounts.

In Hubbell et al. v. American Cyanamid Co. (C.C.A.) 76 F.(2d) 808, the bill was for patent infringement. It also contained a cause of action for unliquidated damages on account of allegedly wrongful acts of defendant. The second cause of action was dismissed. The dismissal was affirmed. The court there cited Buzard v. Houston, 119 U.S. 347, 7 S.Ct. 249, 30 L.Ed. 451, and Schoenthal et al. v. Irving Trust Co., 287 U.S. 92, 53 S.Ct. 50, 77 L.Ed. 185.

In Munger Laundry Co. v. National Marking Mach. Co. (C.C.A.) 252 F. 144, the evidence failing to make case for injunctive relief, it was held that the court has no jurisdiction allowing an award for damages and profits.

O'Brien v. Mackey (D.C.) 36 F.(2d) 89, 90, cited on plaintiffs' brief, is inapplicable for two reasons. Quoting from the opinion, it was said: "It involved a joint venture or quasi partnership in the practice of the law, and hence such a fiduciary relationship exists as to make the case properly of equitable cognizance"; and further that: "On the procedural side the advantages of equity are most marked in a case of this kind. * * * It is perfectly obvious that an eleventh hour discovery of a complicated situation such as is involved in this case would be of no practical value to the plaintiffs on the trial. Furthermore, this is a case on which a jury could not do more than guess. * * * It seems to me that both in its essential quality and its

procedural necessities this is a case for an equitable accounting."

Porto Rican American Tobacco Co. v. American Tobacco Co. (C.C.A.) 30 F.(2d) 234, also cited by the plaintiffs, was a suit for price discrimination. The question of the right to interrogatories does not seem to have been raised.

Finding that this is a suit at law renders any decision as to the merits of any of the proposed interrogatories unnecessary.

The same conclusion must be made as to each cause of action set forth in the complaint. Motion herein is denied.